# H. A. Pitt's Sons Mf'g Co.
## v.
## S. D. Poor.

1. STATEMENT.—Appellants, in June, sold a machine to Davis, who was to take it on trial, and if satisfactory, was to pay part cash, securing the balance by chattel mortgage on the machine. On July 15th, he concluded to keep the machine, made the first payment and gave a chattel mortgage for

the deferred payments, antedated for the purpose of securing interest for the full time on the notes.

2. SALE—WHEN TITLE PASSES—EXECUTION LIEN.—The sale was not completed until the 15th day of July, and until that time the property in the machine was in the vendors. The sale and making of the mortgage were simultaneous acts, and between them there was no point of time when an execution lien could attach.

3. ANTEDATING NOTES—ESTOPPEL.—The date of a written instrument will be presumed to be the true one, but this presumption may be rebutted unless there are circumstances which should estop the parties from asserting a date different from that written. The antedating of the notes and mortgage in this case was for a proper purpose, and the parties are not by this estopped to say that the title did not pass on the 24th day of June, the date of the notes.

ERROR to the Circuit Court of Johnson county; the Hon. O. A. HARKER, Judge, presiding. Opinion filed August 13, 1880

Messrs. DAMRON & CHAPMAN, for plaintiffs in error; that it was competent to show by parol that the notes and mortgage, were executed on a date different from the one expressed in the writing, cited Abrams v. Pomeroy, 13 Ill. 133; Deininger v. McConnell, 41 Ill. 221.

No exception was taken to the admission of such testimony, and it is too late to urge the objection on appeal: Dickhut v. Durrell, 11 Ill. 72; Neely v. Wright, 72 Ill. 292; Parsons v. Evans, 17 Ill. 238.

The judgment upon which execution issued, having been rendered more than three years before the property was purchased, there is no presumption that the judgment creditor gave credit by reason of the debtor's possession of this property: Schweizer v. Tracy, 76 Ill. 345; Metropolitan Bank v. Godfrey, 23 Ill. 604; Buffington v. Gerrish, 15 Mass. 156; Gilbert v. Hudson, 4 Greenl. 345; Thompson v. Rose, 16 Conn. 71; Johnson v. Peck, 1 Woodbury & M.

At the time when the title passed, there was no point of time when the execution lien could attach: Curtis v. Root 20 Ill. 521.

There can be no estoppel *in pais* without some act or admission of one party upon which the other party has acted, rely-

ing upon its truth: Carpenter v. Coulter, 4 Bradwell, 51; Straus v. Minzesheimer, 78 Ill. 492; Colwell v. Brower, 75 Ill. 516; Gray v. Agnew, 12 Chicago Legal News, 92.

Where the bill of exceptions shows that an exception was taken to the judgment of the court, it is not necessary that the record should show a motion for a new trial: Village of Hyde Park v. Cornell, 4 Bradwell, 602.

Messrs. TANNER & WILBANKS, for defendants in error; that a motion for new trial should be made, cited Seibel v. Vaughn, 69 Ill 257; Bills v. Stanton, 69 Ill. 51; Smith v. Gillet, 50 Ill. 290; Barnes v. Barber, 1 Gilm. 401.

WALL, P. J. This was a trial of the right of property in a threshing machine, which had been levied upon by a constable as the property of one Davis, and which was claimed by the plaintiff in error.

The facts are, that Chapman & Wiley were the agents of plaintiff in error in selling machinery, and were applied to by Davis, who wished to purchase a machine. They telegraphed to plaintiff in error, at Chicago, and plaintiff in error sent a member of the firm to Vienna.

On the 24th June, 1879, the latter person made a contract with Davis that a machine should be sent to Chapman & Wiley, who were to turn it over to Davis on trial—Davis paying the freight, and if the machine worked as recommended, and suited Davis, he was to keep it at the price of $1,282, the unpaid part of the purchase money to be secured by notes, and a mortgage on the machine. If not satisfactory, it was to be returned to Chapman & Wiley, and the freight advanced by Davis to be refunded.

The machine arrived June 29. Davis paid the freight, and took the machine for trial. After a week or so he reported that he was not satisfied, but Chapman & Wiley induced him to try it further, and on the 15th July he informed them that he would keep it. He paid a part of the purchase money, but the larger portion was secured by notes and chattel mortgage. These were executed on the 15th July, but were dated as of

Pitt's Sons Mf'g Co. v. Poor.

June 24th, and the mortgage was acknowledged before the justice as of the latter day, and was recorded in the office of the clerk of the circuit court, of the proper county, on the 15th July. The object of antedating the notes was to get interest on them from the day the contract was made.

On the 25th of June an execution was issued by a justice of the peace against Davis upon a judgment rendered in 1876, and was placed on the date of its issue in the hands of a constable, and on the 15th August the constable levied the execution upon the machine. The cause was tried by the circuit court, on appeal, without a jury, and the court found the property to be subject to the execution.

The case is brought here by writ of error. The property in the machine was in the plaintiff in error until the 15th of July, when the trade was completed. It is clear that until Davis had tried it to his satisfaction he was not bound to take it, and until he signified his willingness to purchase, and secured the payment, the title, as between the parties, was in the vendor.

The sale and the making of the mortgage were simultaneous acts, and between them there was no point of time when the execution lien could attach. Curtis v. Root, 20 Ill. 57.

It is urged, however, that as the mortgage and notes were dated back to the 24th June, and as the machine had been in the possession of Davis since the 29th of June, the vendor was estopped to say that the title did not pass until the 15th of July. The transaction was a fair and honest one, and the only object in antedating the notes was to get interest from June 24.

The date of a written instrument will be presumed to be the true one, but this presumption is not conclusive, and the true date may be proven unless there are such circumstances as should estop the parties interested from asserting a date different from that written. Abrams v. Pomeroy, 13 Ill. 133; Deininger v. McConnell, 41 Ill. 228.

The mortgage was not effective as against third parties until recorded, and if by reason of the act of the vendor in causing the mortgage to be antedated, the execution creditor was misled, and was induced to change his position to his prejudice,

on the faith of the act of the vendor, then the latter will not be permitted to aver the real fact. It is of the essence of the doctrine of estoppel *in pais*, that he who is insisting upon it has been misled, and has changed his position to his prejudice, relying upon the acts or declaration of the party against whom the estoppel is urged.

There is no such case here.

It is not shown that the plaintiff in execution, or the officer had any actual knowledge of the facts. They had only constructive knowledge of the existence and date of the mortgage, being presumed to know what is of public record. It does not appear that the execution creditor has been misled—that he has been induced to change his position, or give up any right, or that he has in any way suffered injury by reason of the act of the vendor.

The judgment was rendered some three years before the machine was sold to Davis, and the debt was not contracted upon the faith of the possession of the property.

The doctrine of estoppel *in pais* may be invoked to save an equitable right; but it is never invoked to further a mere technical advantage, and thereby accomplish an inequitable result.

The plaintiff in execution must stand on his legal right. He has not been prejudiced by the act of plaintiff in error. He has not been misled thereby; but so far as appears by the record he is seeking to profit by what was apparently an oversight or accident in the recording of the mortgage, in order to subject to the payment of his debt, property upon which the plaintiff had justly and fairly a prior lien. When he seeks this advantage, he is met by the averment that the mortgage was really executed on the 15th of July, up to which time the property was not in the execution debtor. To avoid this he cannot insist upon an estoppel. It would be a perversion of that equitable doctrine. There are no equities in his favor; and if his desire to collect the debt has led him to risk the costs of this litigation, he cannot complain of the result. The judgment is reversed, and the cause remanded.

                                        Reversed and remanded.