THE HARRISON MACHINE WORKS
v.
NICHOLAS J. MILLER.

*Sales—Delivery—Breach of Condition.*

Where goods are delivered without the seller's authority, and the buyer fails to give his notes in payment, which was a condition precedent to the sale, the seller may retake possession.

[Opinion filed June 13, 1890.]

APPEAL from the Circuit Court of Perry County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding.

Mr. R. W. S. WHEATLEY, for appellant.

Mr. B. W. POPE, for appellee.

GREEN, J.　This suit in trespass was brought by Miller against appellant to recover damages for the taking of a "Jumbo Traction Engine," alleged to be the property of plaintiff, and was a part of the same "threshing outfit" mentioned and described in the statement and opinion in Harrison Machine Works v. Miller, 29 Ill. App. 567. In essential particulars the facts in that case are the same as in this, and a full statement of the transaction out of which the litigation in each case arose, and of all other material facts appears in that report; we deem it unnecessary to go over the same ground in this opinion. Briefly stated, the facts are that Miller wished to buy the outfit entirely on credit. Appellant was willing to sell it on credit, but upon condition only, and as a condition precedent to the completion of the sale and delivery of the property to Miller, that he should first secure the purchase money by his notes, and a mortgage upon certain described property. Miller acceded to these terms, agreed to give the required security, but failed and refused to do so. By his default the sale, was never completed and Miller acquired no right or title to the property or to the possession thereof. The appellant offered to place him in *statu quo;* elected to rescind the sale, and took the property into its own possession, as it lawfully might. The pretended delivery of the property to Miller by Bischof under which he claims, if in fact there was a delivery, was wholly unauthorized by appellant and Miller knew that fact. The evidence fails to show an unlawful taking by appellant of property belonging to Miller, and hence the verdict of the jury finding defendant guilty was not warranted by the evidence. The Circuit Court erred in overruling defendant's motion for a new trial and rendering judgment on the verdict for plaintiff. The judgment is reversed and cause remanded.

*Reversed and remanded.*