Otis A. Turner

v.

Eaton Littlefield.

*Mortgages—Bill to Have Deed Declared Mortgage—*Laches *of Complainant's Privies—When Fatal—Purchase of Stale Equities.*

A party who has a right to treat a deed absolute on its face as a mortgage and make redemption from it, must exercise such right in apt time, and a failure so to do will constitute *laches* and bar his right. If there is such a change in the relations of the parties or in the subject-matter of the suit as to make it inequitable to grant the relief, or if the delay is so great in asserting the right as to justify the presumption that the right has been abandoned, relief will be denied in equity without reference to any statutory period.

[Opinion filed April 11, 1892.]

APPEAL from the Circuit Court of Adams County; the Hon. WILLIAM MARSH, Judge, presiding.

Mr. WILLIAM McFADON, for appellant.

Mr. J. F. CARROTT, for appellee .

MR. JUSTICE BOGGS. This was a bill in chancery, by which the appellant sought to have a deed made on the 2d day of December, 1879, by the sheriff of Adams County, Illinois, to the appellee and one William H. Collins, declared a mortgage, with right of redemption therefrom resting in him, the appellant. The deed thus attacked was made by the sheriff by virtue of a sale of the land conveyed by it under a judgment in favor of one William Marsh and against Reuben C. and Rebecca M. Rutherford, and the allegations of the bill are that as to the Rutherfords it was but a mortgage. The bill further alleged that on the 14th day of December, 1883, one Alfred Gatchell recovered a judgment in the Circuit Court of Adams County against the same Reuben C. and Rebecca M. Rutherford; that this judgment was assigned by Gatchell to one McFadden, who assigned it to L. and C. H. Bull, and they to Parthenea Singleton, and that she on the 19th day of August, 1889, assigned it to the appellant; that the appellant procured an execution to issue on the judgment, and the prayer of the bill is that the appellant be allowed to redeem as the assignee and owner of the judgment.

Answers and replications thereto were filed, evidence taken and the cause submitted to the court. The court found that the sheriff's deed was not a mortgage, and that the rights of the appellant were stale and antiquated, and rendered a decree dismissing the bill, to review which this appeal is prosecuted.

The rule is that one having a right to treat a deed absolute on its face as a mortgage and make redemption from it

must exercise such rights in apt time, and that a failure to do so will constitute *laches* and bar his right. " In cases of optional rights to defeat or divest titles, or to charge property with trusts, the party entitled to the option must, when aware of his rights, exercise it promptly, and not by delay or inattention give reason for the belief that he has abandoned it," is stated to be the rule in Breit v. Yeaton, 101 Ill. 271. What is apt time is not to be determined by reference to any statutory periods of limitation. Equity will hold that there is *laches* in many cases when there would be no bar to an action at law. If there is such a change in the relations of the parties or in the subject-matter of the suit as to make it inequitable to grant the relief, or if the delay is so great in asserting the right, as to justify the presumption that the right has been abandoned, relief will be denied in equity without reference to any statutory period. Walker v. Ray, 111 Ill. 315. One having a right to treat a deed absolute on its face as a mortgage, which right he may or may not exercise, can not be allowed to let the matter rest unreasonably to await the development of events and thus speculate upon the chances of an increase or decrease in the value of the property, and then assert the right to let the deed remain absolute or avoid it, as may seem best for his own interest to do. To this effect see McHany v. Schenck, 88 Ill. 357 ; Breit v. Yeaton, *supra.*

Whether the delay has been reasonable or unreasonable is, of necessity, to be determined by a consideration of the particular facts and circumstances of each case. A vast amount of evidence was taken in this case, as will be better understood when it is stated that the record filed in this court contains 900 pages of typewritten matter. It is, of course, in view of this vast mass of testimony, impracticable to do more in an opinion than simply to state the conclusions we have arrived at upon consideration of the testimony.

The controlling facts bearing upon the question of *laches* may be briefly stated. On the second day of December, 1879, the sheriff of Adams County executed and delivered

to the appellee and one William H. Collins a sheriff's deed
for the premises in controversy, which deed, the appellant
alleges, was, as to the Rutherfords, who were defendants to
the judgment upon which the deed was based, in equity but
a mortgage to secure the payment of money.   The land was
then subject to a prior trust deed, executed by the Ruther-
fords to one George Castle to secure the payment of $11,000
and interest, which fell due August 1, 1882.   When it
matured, the Rutherfords were unable to pay any portion of
either principal or interest, and sale under the trust deed
was unavoidable.   Littlefield had paid all taxes upon the
lands after the date of the sheriff's deed, and paid other
moneys for repairs and improvements on the premises.   The
Rutherfords retained possession of and had received all the
rents from the land.   The interest of all of them was about to
be swept away by a sale under the trust deed.   At this
juncture Littlefield told Reuben C. Rutherford that he and
Collins had paid out all they wanted to pay, and that the land
was about to be sold under the Castle trust deed, and urged
him to try and get a buyer for it.   Littlefield testifies that
Rutherford did try to find a buyer, but failed, and so
informed him, and further, that Rutherford said that he
would have to give up all hope of paying for this land, and
must give his entire attention toward saving his homestead,
which was incumbered by other judgments and liens.   It
then became necessary for Collins and Littlefield to consider
what course must be pursued by them.   A sale under the
Castle trust deed would pass the title to the land from them
and inflict upon them a loss of all they had paid for and
upon the land.   Littlefield testifies that Collins had with
much reluctance and only at his urgent solicitation joined in
providing money paid for the sheriff's deed, and did not
want to be called on to pay more.   The appellee Littlefield
finally concluded to take the whole burden upon himself.
He settled with Collins, paid him, and on the 14th of Sep-
tember, 1882, Collins and wife conveyed their title to him
by a deed duly recorded on the 15th of September, 1882.
On the 28th day of September, 1882, he bought the land at

the sale under the Castle trust deed, paying therefor above $11,000, and receiving a deed from the trustees, which was recorded on the same day, conveying to him the absolute title to the land; but appellant claims that this deed was also taken under circumstances which made it a mortgage. Since the execution of this deed the appellee has been in the actual and peaceable possession of the land, claiming to be the absolute owner.

On the 30th of October, 1884, Rutherford and wife by quit claim deed conveyed to him all possible interest remaining in them in the land. Appellee testified that in the fall of 1883 he had a conversation with the appellant about the matter, in which he informed the appellant that the Rutherfords had, in 1882, abandoned all right or privilege of repurchasing the land and given up all interest or claim in or to it. It should be stated that the appellant gives a different version of this conversation, but if his recollection be accepted it appears clearly that he at the time of the conversation knew that the Rutherfords had or claimed to have a right to redeem the land. This conversation occurred before the rendition of the judgment by virtue of which appellant seeks to assert rights of redemption. Appellant then had no interest whatever in the land and was not a creditor of the Rutherfords. The Gatchell judgment was rendered in December, 1883, and neither the original plaintiff therein nor any of its various owners from thence until the filing of this bill in 1889 sought in any way to assert any right against the appellee, who was allowed during all such time to rest in the belief that his right and title were unquestioned. In August, 1889, the appellant became the owner of the Gatchell judgment by a voluntary purchase thereof. When he did so purchase it as we have seen, he knew and had known for six years, if we accept his version of the conversation with the appellee, that the Rutherfords claimed the right to declare the deeds to appellee to be mortgages only, and if we accept the appellee's version of the same conversation, he knew that the Rutherfords had abandoned and given up such rights nearly

seven years before. He knew from the public records that the Rutherfords, in 1884, had, by a formal deed, relinquished to the appellee all possible right and interest existing in them to the land.

He had no original equity that had suffered by the transaction between the appellee and the Rutherfords, and no existing equity to protect by the purchase of the judgment. The inference necessarily arises that he bought the judgment with the view of making a profit on the purchase by enforcing equities which he claims existed in favor of the former owners of the judgment, but of which such former owners had neglected to avail themselves. According to him the most favorable view that may be taken of the evidence he stands in the court in the attitude of a buyer of the old and abandoned rights of others which he wishes a court of conscience to enforce in order that he may secure a profit upon his investment. The Circuit Court held that the equities which he claims should inure to him as the owner of the Gatchell judgment, were stale and antiquated and lost by *laches*, in which holding we concur. Therefore the decree must be affirmed.

*Decree affirmed.*