### Henry Mann and Isabella Mann v. Elizabeth Jobusch et al.

1. MORTGAGES—*When Deeds, Apparently Absolute, Will be Held to Be.*—A deed, once a mortgage is always a mortgage, and the true test in determining whether a deed absolute on its face will be held to be a mortgage is, what was the real intention of the parties? Parol evidence may be resorted to to determine the real intention, and courts will look into the whole transaction and consider all the attending circum- stances to determine the intent.

2. SAME—*Presumptions Regarding Deeds Apparently Absolute.*—A

deed absolute in form is, in law, presumed to be a deed until clearly proved to be a mortgage; and where a deed is given by a mortgagor to the mortgagee, the fact that the debt is canceled and the mortgage released, and at the same time a contract for a reconveyance executed by the mortgagee, is evidence tending strongly to show that the deed was not intended as a new mortgage.

3. SAME—*How Presumption that Deed was Intended as a Mortgage May be Rebutted.*—Where a deed has been given by a mortgagor to a mortgagee, and at the same time a contract for recoveyance executed, any presumption that may arise that the transaction amounts to a mortgage may be rebutted by facts showing that the debt was surrendered and canceled at the time of the conveyance.

4. LACHES—*As a Bar to Equitable Relief.*—A deeded certain land to B, who sold it to C, C took possession and made improvements without any notice of a claim by A that the deed was a mortgage. A allowed him to rest under the belief of the *bona fide* of his purchase for over five years without taking any steps to enforce such claim. *Held*, that under the circumstances of the case this delay was unreasonable and that A was not entitled to relief.

**Bill,** to redeem from an alleged mortgage. Appeal from the Circuit Court of Perry County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1897. Affirmed. Opinion filed June 10, 1897.

BENJAMIN W. POPE, attorney for appellants.

JOSEPH W. RICKERT, attorney for appellees.

MR. PRESIDING JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The appellants, in April, 1895, filed their bill to redeem certain lands from an alleged mortgage. In 1875 they had made a mortgage to one Feltmeyer on this land, which mortgage, with the note, had been sold and assigned to Elizabeth Jobusch. The mortgage not being paid when due, on the 16th day of March, 1888, appellants made a deed to Elizabeth Jobusch the note representing the indebtedness held by her was surrendered, the mortgage released and a contract for a deed was made by Elizabeth Jobusch to Henry Mann, to be executed March 1, 1890, when the sum of $1,400, with eight per cent interest, was to be paid by Henry Mann to Elizabeth Jobusch, which

contract was unilateral and not signed by Henry Mann. Time was made the essence of the contract. The sum of $90 was paid as interest the first year of the running of said contract, and thereafter there was default. On the 6th day of June, 1890, Elizabeth Jobusch made a deed of said land to Ernest Mann, in consideration of the sum of $1,400. Henry Mann and wife lived on the land at the time of all these transactions, but on September 17, 1890, moved to the city of DuQuoin, and rented the land to one Williams until March 1, 1891, who went into possession and remained there until in February, 1891, when he moved away, and Ernest Mann then moved in and has been in possession since that time.

The appellants claim that the deed made by them to Jobusch was in the nature of a mortgage, and that it was so understood. They also claim that the grantee so recognized it by subsequent declarations and acts, which are denied by appellee. Soon after June 6, 1890, Jobusch notified Henry Mann of the sale to Ernest Mann and that he must give up possession March 1, 1891. He went to see Mrs. Jobusch and tried to get her to cancel the sale, but she replied that the deed was made and that it was too late. The evidence shows there were ninety acres of land in the tract, and that sixty-two acres of it were in cultivation, and the residue in timber. The value of the land is variously estimated by different witnesses, those for the appellants estimating it from $25 to $35 per acre, while those for the appellee fixed the value at from $15 to $20 per acre for the improved part and $10 per acre for the unimproved. The evidence is uncontradicted that Ernest Mann had no personal knowledge of the claim of Henry Mann, that the deed by him to Jobusch was a mortgage, until the bill in this case was filed in April, 1895. The tender of the money for redemption—$2,280—was not made until March or April, 1895.

It is the law, as claimed by appellant's counsel, that a deed, "once a mortgage is always a mortgage," and the true test is, what was the intention of the parties? that parol evidence may be resorted to to determine the real intention,

notwithstanding the form of the instrument; that courts will look into the whole transaction and consider all the attending circumstances to determine the intent. These are familiar principles, and no citation of authorities is required in their support. It is also the law, as claimed by appellees' counsel, that a deed absolute in form is, in law, presumed to be a deed until clearly proved to be a mortgage, and the fact that a deed is given by a mortgagor to the mortgagee, the debt canceled, and the mortgage released; and at same time a contract of sale given is evidence tending strongly to show an actual repurchase. Bears et al. v. Ford, 108 Ill. 17. In fact, in Rue v. Dale et al., 107 Ill. 282, quoting with approval Jones on Mortgages, it is said:

" If the conveyance extinguishes the debt, and the parties so intended, so that a plea of payment would bar an action thereon, the transaction would be an absolute sale, notwithstanding the contemporaneous contract to recovery on being reimbursed, within an agreed period, an amount equal to the debt and the interest thereon." Citing another section from the same author, it is said, " that whatever presumption may arise that the transaction is a mortgage, where a deed has been given, and at same time a contract for reconveyance once executed, may be repelled by any facts showing that the debt was surrendered and canceled at the time of the conveyance."

It will be observed in this connection that Henry Mann did not sign the contract under which Elizabeth Jobusch agreed to make a deed in the payment of $1,400, so that the contract did not revive the original debt, but it was in the nature of the agreement referred to in the Dale case, *supra*, that is, to make the deed on being reimbursed, within an agreed period, an amount equal to the debt and interest.

In addition to this view, the proof is that Ernest Mann went into possession and made improvements on the land without any actual notice of the claim that the deed was a mortgage; and Henry Mann allowed him to rest under the belief of the *bona fide* of his purchase from 1890 to 1895, without taking any steps to enforce such claim, or to notify

him of such claim.   Under the circumstances of this case this delay was unreasonable.   Turner v. Littlefield, 46 Ill. App. 169; McHany v. Schenk, 88 Ill. 357; Breit v. Yeaton, 101 Ill. 271. · As is said in one of the cases, a man can not lay by and speculate on the appreciation of values in that way.   All know that land values increased greatly between 1890 and the early part of 1895.

Our conclusion is that the papers on their face showed a conveyance by Henry Mann to Elizabeth Jobusch, in satisfaction of the mortgage debt; that the contract back to Henry Mann was not a revival of the debt, but an agreement to reconvey on payment of an amount equal to that debt by Henry Mann, but which amount he did not obligate himself to pay by said instrument; that Mann was guilty of *laches* by his long delay in making this claim known, after notice in June or July, 1890, that Ernest Mann had purchased the land; that by moving off the place in September, 1890, and renting it to Williams only until March 1, 1891, and then paying no more attention to his interests, if he had any, might well, with the other evidence in the case, have induced the court below to find, as a matter of fact, that the deed was absolute, or that as to Ernest Mann he was guilty of such *laches* as would bar him of relief.

The decree is affirmed.