## J. Park McGee v. Eliza Johnson and David L. Johnson.

1. Master in Chancery—*Weight of His Findings.*—The findings of a master in chancery who sees the witnesses and hears them testify, is entitled in this court to like consideration and weight as is to be attributed to the verdict of a jury.

2. Appellate Court—*Ability to Pass upon the Evidence.*—The Appellate Court is in as good position to pass upon the evidence and arrive at the proper conclusion and real intention of the parties as the chancellor who enters a decree but does not see or hear the witnesses.

Bill to Have a Deed Declared a Mortgage.—Appeal from the Circuit Court of Douglas County; the Hon. William G. Cochran, Judge, presiding. Heard in this court at the November term, 1899. Reversed and remanded. Opinion filed February 27, 1900.

Thos. W. Roberts and Eckhart & Moore, attorneys for appellant.

Joe H. Winkler, attorney for appellees.

Mr. Justice Burroughs delivered the opinion of the court.

September 8, 1894, Eliza Johnson and David L. Johnson, the appellees, as complainants, filed in the Circuit Court of Douglas County, their bill in chancery against J. Park McGee, the appellant, as defendant, in which they charged that on October 25, 1887, they were indebted to the defendant in the sum of about $300, and to secure the payment thereof, then executed and delivered to him their warranty deed of that date, conveying to him, by its terms, the absolute fee-simple title to a certain tract of land in Douglas county, then owned by them, it being understood and agreed between the respective parties to said deed that the defendant would reconvey said tract of land back to the complainants when they paid him said indebtedness; that complainants had paid defendant about all of said indebtedness, but he had refused to account with them for such payment, and to reconvey said tract of land as he had agreed to when said deed was made, although requested so to do by them; that

he had taken forcible possession of said land from them and claimed to own it in accordance with the express terms of said deed.

The bill prayed for an accounting between the parties thereto, and upon the ascertainment of the balance due from complainants upon said indebtedness, if any, and its payment, the court would decree that said deed was a mortgage, and order defendant to reconvey said land to complainants in accordance with the agreement of the parties made when the deed was executed and delivered. The defendant answered the bill and denied that the deed was given to secure an indebtedness between himself and complainants, but was made in accordance with the purchase made by him from them of the premises therein described, and the payment of the purchase money in accordance with the terms of the purchase; that he got possession of the land peaceably by his tenants when the deed was executed and delivered; he has been in the possession thereof ever since, and has made valuable and lasting improvements thereon.

At the May term, 1895, the court ordered the proceeding referred to the master in chancery to take and report the evidence, state his conclusions of the law and facts, and to state an account between the parties. The master took the evidence, reported the same to the court with his conclusions that the deed in question was made in pursuance of the purchase of the property therein described by the defendant, from the complainants, and the payment of the purchase price by him to them; and that there was no agreement made between the parties to the deed that it was made to secure any indebtedness between them, or that the defendant should at any time after it was executed, reconvey the land back to complainants; and the master recommended that the court dismiss the bill.

The complainants having excepted before the master to his conclusions on the law and facts as well as his recommendation to the court, and he having overruled same, they renewed their exceptions before the court.

At the April term, 1897, the court heard the proceeding

on the pleadings, evidence reported by the master, his conclusions on the law and facts, and his recommendation to dismiss the bill; sustained complainant's exceptions, and entered an order finding the deed to be a mortgage, and again referred the proceeding to the master to state an account between the parties. The master stated the account and reported the same to the court; and at the April term, 1899, the court entered a decree finding the amount of the indebtedness, then due to defendant from complainants, which was secured by the deed as a mortgage, to be $216.03, and decreed that defendant reconvey to complainants the land, upon their paying him said balance. The appellant prosecutes this appeal to reverse that decree, and urges as grounds therefor, that the finding and decree of the court is contrary to the evidence.

The evidence shows that the premises in question had been sold under a decree of court foreclosing a mortgage which complainants had given thereon, and the time for redemption therefrom had almost expired when the complainants made the deed in question, upon the defendant paying off- the decree indebtedness against it, which was at the time released and satisfied, and amounted to about the then value of the land. No note or other evidence of indebtedness was given by complainants to the defendant for the money so paid, nor was there any memorandum made in writing, or any agreement that the defendant would reconvey the land to complainants upon their repaying him the amount so paid. The evidence is very conflicting as to whether or not there was a verbal agreement between the parties that the defendant was to reconvey the land to complainants upon their repaying him what he had paid. It shows, however, that the complainants remained in possession of said land from the time of making the deed until September, 1891, and during that time paid to defendant some money and some grain grown on the land, which they swear was as part payment of the said money paid by him to redeem the land, but which he swears was paid to him as rent for the land while they remained upon it as

his tenants. After complainants removed from the land, in September, 1891, defendant rented the land to tenants and received the rents therefrom, and has paid all the taxes on the land since the deed was made.

The disinterested witnesses on the trial testified to various statements made by both complainants and the defendant before and after the deed was made, which were at variance with their testimony given on the trial with reference to whether or not there was an oral agreement between the parties, by which the defendant promised to reconvey the land upon being repaid the money he advanced to redeem it, and which the respective parties denied making.

The master in chancery saw and heard the witnesses when they testified, while the chancellor who entered the decree, did not; so we are in as good position to pass upon the evidence and arrive at the real transaction and intention of the parties when this deed was executed, as he was. And "the finding of the master is entitled in this court to like consideration and weight as would be attributed to the verdict of the jury," as we said in Rock Island Lumber Co. et al. v. E. T. Lister, 80 Ill. App. 591; and it was so held in Foster v. Swaback, 58 Ill. App. 588.

The law allows the complainants to show by parol evidence that the deed in question, although absolute in form, was only intended by the parties thereto when it was executed, to convey the land in order to secure an indebtedness then existing or then created between them; yet such intention, to overcome the presumptions arising from the terms of such deeds, must be established by clear, satisfactory and convincing evidence. Helm v. Boyd, 124 Ill. 370; Fisher et al. v. Green et al., 142 Ill. 81, and cases cited.

The evidence, when fully read and carefully considered, is not of that clear, satisfactory and convincing character that warrants us in believing that the parties to this deed intended, when it was executed, that it was only to secure the payment of the money paid by appellant for redeeming it, but rather causes us to believe that the deed, as its terms show, was made by appellees as an absolute conveyance of

the land to appellant in consideration of his paying such redemption money, and promising them that they might remain on the land rent free for the remaining crop year of the year in which the deed was made, and would then rent it to them for some time, which was more favorable to them than to lose the land by their inability to otherwise redeem it.

Being of the opinion that the decree of the Circuit Court is against the evidence, and that it should have been in accordance with the finding and recommendation of the master, who saw and observed the witnesses, we reverse the same and remand the case to that court with directions to overrule complainants' exceptions to the findings and conclusions of the master made upon the evidence taken by him in pursuance of the order of the court first referring the case to him for that purpose, and to dismiss the bill for want of equity, at cost of complainants. Decree reversed and case remanded.