McNeill et al. v. McNeill et al., 204 Ill. App. 287.

purpose of showing some collateral fact as the cause of death, in an action to recover damages for death.

---

Margaret C. McNeill and Benjamin F. McNeill, Appellants, v. Rivers McNeill and Ellen M. Crudup, Appellees.

### Gen. No. 22,692.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed March 12, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Suit by Margaret C. McNeill and Benjamin F. McNeill, complainants, against Rivers McNeill and Ellen M. Crudup, defendants, to establish a trust as to certain lands. From a decree dismissing the bill for want of equity, complainants appeal.

The complainants are husband and wife, and the complainant Benjamin F. McNeill is an elder brother of the defendants. The complainant Benjamin F. McNeill, upon acquiring the lands in question in 1898, placed the title thereto in his wife, and placed a loan of $8,000 thereon later in the same year. Foreclosure followed and the lands were sold for $9,587.51, October 25, 1899. Shortly before the expiration of the redemption period the complainant Benjamin F. McNeill so-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

licited his brother for help in saving the property, and his brother secured an arrangement with the holders of the certificate of sale for an extension of the period for redemption of one year upon payment by the defendants of $3,400, which they paid, with an agreement between them and complainants that if the complainants should find a purchaser for the property within the year of the extension the defendants should be repaid the $3,400 and interest and expenses, otherwise the defendants would complete the redemption by a further advance of their own money for themselves and on their own account. Complainants executed as part of the arrangement a quitclaim deed to the defendants for the property. The complainants were unable to effect a sale of the property within the extended period, and thereafter in January, 1902, the defendants advanced the balance of the redemption money to the holders of the certificate of sale and completed a transfer of the property to themselves, and nine years later sold the property for $43,400. The complainant Benjamin F. McNeill continued appeals to his brother for financial help, but made no claim to the property until May, 1914, when he demanded $25,-. 000, claiming same under a trust. Answer to the bill denied such claim, invoked the Statute of Frauds, and averred laches in bringing the suit.

BUELL & ABBEY, for appellants.

MILLER, STARR, BROWN, PACKARD & PECKHAM, for appellees.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

McNeill et al. v. McNeill et al., 204 Ill. App. 287.

## Abstract of the Decision.

**1.** TRUSTS, § 254*—*when evidence is sufficient to sustain findings in suit to establish a trust in property.* Evidence *held* to sustain the finding that certain money paid by the defendants for an extension of one year of the redemption period on the foreclosure sale of complainants' property was to enable the complainants to save the property by a sale thereof within the year, and that if the complainants were unable to do so that the defendants were to take the property as their own, in a suit to establish that the defendants held the property in trust for the complainants after the expiration of said year.

**2.** FRAUDS, STATUTE OF, § 48*—*when agreement relating to land is within.* Where a bill in equity set up a verbal agreement as the basis of suit, by the defendants, to pay for and take over complainants' real estate sold on foreclosure and hold same until a desirable sale thereof by complainants could be had and then account to complainants for the proceeds of such sale, *held* that such agreement would be within the Statute of Frauds and not enforceable.

**3.** TRUSTS, § 64*—*when fiduciary relation is not created.* The mere fact that parties to a business transaction are brothers does not as matter of law give to such transaction a fiduciary character.

**4.** TRUSTS, § 64*—*what does not constitute constructive trust.* Where the defendants had advanced money to secure an extension for a year of the period for redemption of complainants' property from a foreclosure sale thereof, under an agreement that the complainants might redeem within said year and that if they did not the defendants might complete the redemption for their own benefit, and the defendants did, upon complainants' failure to redeem within the year, complete thereafter the redemption of the property and receive deed therefor, *held* that there was no constructive trust in the defendants as to said property so redeemed by them, notwithstanding one of the complainants was a brother of the defendants.

**5.** MORTGAGES, § 31*—*when deed declared to be a mortgage.* Before a conveyance absolute on its face can be transformed into a mortgage, a clear and satisfactory intent to this effect must be shown.

**6.** MORTGAGES, § 16*—*when deed not declared to be a mortgage.* In the absence of a debt due from the grantor in a deed to the grantee therein, such deed cannot be held to be a mortgage.

**7.** MORTGAGES, § 14*—*when deed without consideration as a mortgage.* Where the complainants, as the period for redemption of their property from a foreclosure sale was about to expire,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCIV 19

executed a quitclaim deed of the property to the defendants upon the latter advancing the money for an extension of such period for one year, under an agreement that should the complainants not redeem the property within said year the defendants might for their own benefit, *held* that such deed was without consideration as a mortgage and could not be so considered.

8.   MORTGAGES, § 32*—*what is evidence that deed was not a mortgage.* Where the complainants did not question the defendants' possession and claim as owners of certain property for fourteen years or until three years after the defendants had sold it, *held* that such facts indicated that a deed to such property given by the complainants to the defendants prior to such possession by the defendants was absolute and not a mortgage.

9.   TRUSTS, § 240*—*when a complainant is guilty of laches in bringing suit to establish trust in property.* The complainants *held* guilty of laches in bringing suit to establish a trust as to certain property fourteen years after the defendants had acquired possession thereof upon a foreclosure sale and deed to them and three years after they had sold it, where the complainants had knowledge of the facts from the beginning.