In re EISELE.

EISELE v. MORSE et al.

No. 5587.

Circuit Court of Appeals, Seventh Circuit.

Feb. 13, 1936.

Rehearing Denied April 13, 1936.

E. A. Simmons, of Pontiac, Ill., and Walter W. Winget, of Peoria, Ill., for appellant.

H. G. Greenebaum, Cyril A. Burns, and A. H. Fellheimer, all of Pontiac, Ill., for appellees Morse and others.

Bert W. Adsit, Jesse J. Herr, Stephen B. Adsit, and Robert Thompson, all of Pontiac, Ill., for appellees Gerig and others.

Before EVANS, SPARKS, and ALSCHULER, Circuit Judges.

EVANS, Circuit Judge.

Martin Eisele, a petitioning debtor under section 75 of the Bankruptcy Act, as amended (see 11 U.S.C.A. § 203), was denied relief because the real property which constituted the corpus of the debtor's estate was not within the purview of said section. This conclusion was based on a finding that the relation of mortgagor and mortgagee—a debtor-creditor relation—had ceased to exist. The only question before us is whether the District Court erred in this conclusion.

Eisele was a farmer and operated his own farm, which consisted of two tracts of eighty acres each. Against these two tracts there were two mortgages, one for $9,000 and the other for $10,000. Both mortgages ran to B, as trustee. In April, 1932, foreclosure suits were instituted on said mortgages and a receiver was appointed for each tract.

Pending the foreclosure suits, the parties (creditors on the one side and Eisele and wife on the other) entered into two written agreements wherein the parties set forth the existence of the indebtednesses and the debtor's failure to pay various amounts as they became due under the terms of said indebtednesses. In each agreement appellant and wife executed a deed, one to Gerig as trustee and the other to Morse as trustee. The agreements provided for the release of the existing mortgages. They leased the property to Eisele until March 1, 1935. They also provided that the premises should be conveyed to such person as Eisele should name if, prior to March 1, 1935, there was tendered to the trustee a sum sufficient to pay the amount then due together with interest at 5 per cent. The agreement then concluded with the following provision:

"It is further mutually understood and agreed by and between the parties hereto that all relations of mortgagors and mortgagees, heretofore existing, by reason of said trust deed, are terminated by this contract; that the only rights and liabilities of the parties hereto, in and concerning said real estate, are those rights and liabilities arising under this contract; that the conveyance of said real estate

to the 'Trustees' herein named is not to be construed or understood as a mortgage, but as an absolute conveyance, and that the right herein created in the 'mortgagors' to direct a conveyance of said real estate is not to be construed or understood as a right to redeem said real estate, but as an option to purchase the same or sell the same."

The court made the following findings:

"1. That it was the intention of all of the parties, who executed the two contracts * * * that the relationship of debtor and creditor theretofore existing by and between the said Martin Eisele and the other parties to said two contracts should terminate and should no longer exist * * *.

"2. That the cancellation of the notes referred to in said two contracts was accomplished and * * . * the two mortgages therein referred to were officially released of record and thereby said two mortgages became * * * of no further force and effect."

The question presented is not new. Times without number, courts have been called upon to determine whether facts somewhat similar to those before us spell a mortgage or a conditional sale.

The appellate courts' reports of the State of Illinois are replete with cases dealing with some phase of this question.[1]

A very similar case involving an Illinois contract was before the Supreme Court of Missouri in Donovan v. Boeck, 217 Mo. 70, 116 S.W. 543, and the court, after a study of the contract and the authorities, held the agreement to be a conditional sales contract rather than a mortgage. Similar conclusions were reached in Rue v. Dole et al., 107 Ill. 275, and Kelly v. Lehmann, 297 Ill. 33, 130 N.E. 375.[2]

While courts are not disposed to emphasize form of agreement and ignore the substance of the covenants indicative of the relation of debtor and creditor, we are likewise unwilling to deny to parties who occupy the position of mortgagor and mortgagee the right to contract and thereby avoid expense of litigation and to save to the mortgagor the maximum value of his right of redemption. In the instant case we cannot ignore that portion of the agreements whereby the parties agreed that:

"All relations of mortgagors and mortgagees, heretofore ' existing, by reason of said trust deed, are terminated by this contract; that the only rights and liabilities of the parties hereto * * * are those rights and liabilities arising under this contract; that the conveyance of said real estate to the 'Trustee' herein named is not to be construed or understood * * * as a right to redeem said real estate, but as an option to purchase the same or sell the same."

Confronted by such language the question before us is resolved into one of ability of the mortgagor and mortgagee to terminate the debtor-creditor relation rather than to construe the words of the contracts. Unless the old saying "Once a mortgage, always a mortgage" is an immutable axiom, we see no escape from the conclusion which the District Judge reached to the effect that the contract was a conditional sale and not a mortgage. We are well convinced that the court properly construed and gave the correct effect to the contracts of the parties.

The decree is affirmed.

---

[1] See cases collected in Callaghan's Illinois Digest, and supplements, under title, "Mortgages," par. 5 et seq.

[2] See, also, Jeffery v. Robbins, 167 Ill. 375, 47 N.E. 725; Bowen v. Kraemer, 260 Ill.App. 454; McNeill v. McNeill, 204 Ill. App. 287; Johnson v. Prosperity Loan & Bldg. Ass'n, 94 Ill.App. 260; Mann v. Jobusch, 70 Ill.App. 440; Shepard v. Brewer, 65 Ill. 383; McGee v. Johnson, 87 Ill.App. 475.