STEPHEN ABRAMS, Plaintiff in Error, *v.* GEORGE POMEROY et al. Defendants in Error.

#### ERROR TO SCOTT.

A special plea which amounts only to the general issue is obnoxious to a special demurrer.

Parol evidence is not admissible to contradict or vary the terms of a written agreement.

A guaranty may have a retrospective operation so as to embrace debts already contracted, where it clearly appears, that such was the intention of the parties, and an instrument may be antedated so as to embrace a particular transaction, where no fraud or mistake is shown.

The law presumes that an instrument was executed the day it bears date; but parol testimony is admissible to show that it was in fact executed on a different day.

The evidence of a witness introduced to explain the date of a written agreement, and thereby defeat a cause of action founded upon it, should be closely scrutinized by the court, and where he is contradicted by his own letter, previously written, no weight should be attached to his testimony.

THE pleadings and facts of this case are stated in the opinion of the Court. The cause was tried by the Court below, WOODSON, Judge, presiding, at September term, 1851, of the Scott Circuit Court, and a judgment was rendered for the plaintiff below, and Abrams sued out this writ of error.

M. McCONNEL, for plaintiff in error.

The date of an instrument is only *primâ facie* evidence that it was made on that day; but it may be shown to have been made and delivered on a day different from its date, and the day of its delivery is the time from which the contract will take effect,

and the party who signed the paper is not estopped from showing, when the instrument was signed and delivered. Hale *v.* Cazenove, 4 East, 478; Story on Contracts, sec. 971, page 805; Chitty on Contracts, 564; Chitty's Blackstone, part 2, page 245, note 12; Chitty on Bills, 147, 148.

In an action of assumpsit, based on a written instrument, the defendant may show, under the general issue, that the contract was made on a day different from that on which it bears date. 2 Johnson's Rep. 302; 5 Mass. 285; 6 Id. 289, 293.

J. GRIMSHAW, for the defendants in error.

Under the issues in this case, evidence of James Abrams was inadmissible; the execution of guaranty *verbatim et literatim* was not put in issue, plea of non assumpsit not being sworn to. Rev. Code, 1845, p. 415, sec. 14; McIntire *v.* Preston, 5 Gilman, 63.

This parol evidence to vary guaranty, would violate letter and spirit of statute of frauds. Child *v.* Wells, 13 Pick. 124; Lock *v.* Whiting, 10 Pick. 279; Lincoln *v.* Avery, 1 Fairfield, 418.

Would violate common-law rule, that writing is best evidence of contract, and cannot be varied by parol. Penny *v.* Graves, 12 Illinois, 287; Donaldson *v.* Benton, 4 Dev. & Batt. 435; Gooch *v.* Conner, 8 Mis. 394; Birge *v.* Dishman, 5 Black. 272; United States *v.* Thompson, 1 Gallison, 391.

There is a sufficient consideration on the face of this guaranty. Newbury *v.* Armstrong, 19 Eng. C. Law, 55, 272; Stadt *v.* Lill, 9 East, 348; Smith *v.* Ide, 3 Vermont, 301; Bearden *v.* Wood, 1 A. K. Marshall, 450; Miller *v.* Drake, 1 Caines, 45; Forster *v.* Fuller, 6 Mass. 58; Lent *v.* Paddleford, 10 Mass. 242; Train *v.* Gold, 5 Pick. 383; Overstreet *v.* Phelps, 1 Litt. 123.

The letter was properly admitted to contradict witness. 1 Greenleaf, Ev. sec. 462, 464.

The question determined by finding of court, was one of fact. The Court will not set aside a verdict, merely because in their opinion they would have found facts differently. Wendell *v.* Safford, 12 N. H. 178; Way *v.* Callison, 6 Leigh, 234; Brugh

*v.* Shanks, 5 Leigh, 599; Dickerson *v.* Parker, 2 How. Miss. 219; Lackey *v.* Lane & McCabe, 7 Mis. 221.

Province of a jury to test credibility of witness. Stovall *v.* F. & M. Bank of Memphis, 8 Smedes & M. 313; England *v.* Burt, 4 Humph. 401.

TREAT, C. J.  This was an action of assumpsit brought by Pomeroy, Durkee, & Co., against Stephen Abrams, on the following instrument: " I, Stephen Abrams, of the County of Scott, and State of Illinois, do hereby agree with Pomeroy, Durkee, & Co., that in order to establish a credit for my son, James Abrams, that I will, and do hereby guarantee, and become security for, the payment of any sum not exceeding twelve hundred dollars, which said James Abrams may owe said Pomeroy, Durkee, & Co. either by note or book account. This agreement to be binding on and include any purchase that the said James Abrams may make of Pomeroy, Durkee, & Co., until revoked by written notice from me.   St. Louis, January 24th, 1850.   Stephen Abrams."

The declaration alleged in substance, that the plaintiffs, relying on the guaranty, did, on the 25th of January, 1850, sell goods to James Abrams to the amount of $537.32, which sum was due and unpaid.

The defendant pleaded five pleas. *First.* That the guaranty was made and executed, without any good and valuable consideration.   *Second.* That James Abrams paid for all goods purchased of the plaintiffs, after the making and delivery of the guaranty.   *Third.* That the plaintiffs did not sell any goods to James Abrams, after the making and delivery of the guaranty. *Fourth.* Non assumpsit.   *Fifth.* Payment by the defendants of all goods purchased of the plaintiffs by James Abrams, after the making and delivery of the guaranty.

The court sustained a special demurrer to the third plea; and issues of fact were formed on the other pleas.

On the trial before the court, the plaintiffs read in evidence the guaranty; and also a promissory note, made by James Abrams to the plaintiffs, bearing date at St. Louis, on the 25th of January, 1850, for $537.32, and payable six months from date.

They also proved that payment of the note was demanded of the defendant, prior to the commencement of the suit.

The defendant, against the objections of the plaintiffs, introduced James Abrams, who testified that he purchased the goods and made the note in question, on the day the note bears date; that after the purchase, the plaintiffs proposed that he should obtain security for future purchases, to which he assented; the guaranty was then drawn, and he agreed to take it to Illinois, and get it signed by the defendant; it was signed about ten days afterwards, and then sent to the plaintiffs at St. Louis; and it was expressly understood between the plantiffs and the witness that the guaranty was to cover subsequent purchases only.

On cross-examination, he stated that the guaranty was read to the defendant at the time it was signed; and the witness then inclosed it in a letter addressed to the plaintiffs, dated January 31st, 1850, containing these expressions: " I inclose you your security on the goods I bought from your house. Please excuse the delay of this, for I have been busy since I came home; but I suppose it will not make any great difference with you. I hope this will give you good satisfaction. I think you are pretty well secure for the present."

On this evidence, the court entered a judgment against the defendant, for the amount of the note and interest.

The court committed no error in sustaining the demurrer to the third plea. The plea amounted to the general issue only. And for that reason, it was obnoxious to a special demurrer.

Did the court err in finding the issues for the plaintiffs? In order to determine this question, we must inquire as to the competency and credibility of the testimony introduced by the defendant. The plaintiffs made out a *primâ facie* case, by the production of the note and guaranty. It clearly appeared, from the guaranty, that the defendant was liable for the goods in question. It showed that he assumed the liability, before the goods were purchased. The instrument was declared on according to its legal effect. The general principle is well settled, that parol testimony is not admissible to contradict or vary the terms of a written agreement. Where parties reduce their contract to writ-

ing, the law conclusively presumes, that the whole terms of their agreement are correctly expressed in the writing; and their conversations and declarations, made before and at the time of the execution of the written contract, are rejected as wholly inadmissible. So much of the testimony of the witness Abrams, as related to the arrangement between him and the plaintiffs, was received in clear violation of this principle. It materially changed the character and effect of the guaranty. It substituted another and different contract for the parties. The guaranty on its face clearly made the defendant responsible for the goods. As explained by this witness, it released him from all liability for them. The terms of the writing rendered him liable for the payment of goods purchased prior to its date. The testimony excluded such a construction of the contract. The writing embraced all sales made after its date. The evidence excluded all sales made before it was signed and delivered. The evidence disclosed an understanding between the parties, inconsistent with and variant from the contract as reduced to writing. To this extent, the testimony of the witness was incompetent, and ought to be disregarded.

It is very true, that the date of an instrument is but presumptive evidence, that it was executed on that day. The testimony of the witness as to the time when the guaranty was signed and delivered, was therefore admissible. But his testimony in this respect, did not exonerate the defendant from liability for the goods. Such an instrument may have a retrospective operation. It is very clear, that such was the intention of the parties in this case. For the guaranty in terms embraces as well purchases made before its execution, as those made afterwards. But if the instrument applied to subsequent purchases only, the case would not be altered. It did not appear, from the evidence, that it was antedated through fraud or mistake. Why was it dated on the 24th of January, unless for the purpose of including the goods sold on the following days? A note payable in eight months, bearing date on the first of January, and signed by the maker on the first of May, with knowledge of its date, would fall due on the first of September following. If a party should execute a sheriff's bond to-day, as of the commencement of his term of

12 *

office, he would thereby become liable for all defaults arising after the date of the obligation. The moment this guaranty was executed, the assumption of the defendant related back to its date, and covered intermediate purchases.

This case forcibly illustrates the propriety of the rule, that written agreements are not to be explained or varied by parol. The guaranty is free from all ambiguity and uncertainty. It in terms embraces the transaction in question, whether occurring before or after the delivery of the instrument. The principal debtor, in transmitting it to his creditors, characterized it as a security for the goods already purchased. And yet he comes into court and swears, that such was not the understanding of himself and the plaintiffs, but, on the contrary, that it was designed to cover future purchases only. If evidence of this character was in any point of view admissible, the court was clearly justified in disregarding the testimony of this witness. The circumstances of the case tended strongly to discredit him. His statements are contradicted by the plain provisions of the written agreement. In his business transactions with the plaintiffs he expressly treated the guaranty as meaning precisely what its language imports. Excluding his testimony as inadmissible, or disregarding it as discredited, the decision of the circuit judge was clearly correct. The guaranty was declared on according to its legal effect, and the legitimate evidence before the court supported the allegations of the declaration.

The judgment is affirmed.

*Judgment affirmed.*