THE PEORIA SAVINGS, LOAN AND TRUST COMPANY

*v.*

JOSEPH ELDER *et al.*

*Filed at Ottawa January 19, 1897.*

1. LEVY—*when levy on personal property is not a satisfaction of judgment.* A levy upon sufficient personal property to satisfy a judgment will not operate as a satisfaction where the property levied upon by the sheriff is afterwards, by order of court, turned over to the debtor's receiver.

2. GUARANTY—*unambiguous contract must be interpreted according to the language used.* A contract of guaranty unambiguous in its terms must be interpreted according to the clear import of the language used as expressing the intention of both parties.

3. SAME—*when contract operates from its date though not signed till later.* The fact that a contract guaranteeing the payment of notes discounted by a bank "from time to time after the date" of the contract is not signed or delivered until a later day, will not relieve the guarantor from liability on notes discounted between the date of the contract and the time of its signing and delivery.

4. SAME—*guaranty "to the extent" of a certain amount merely limits guarantor's liability.* A guaranty of the payment of notes discounted by a bank "to the extent" of a certain amount merely limits the guarantor's liability beyond that amount, and does not contemplate the exhausting of the entire credit before his liability is fixed.

5. SAME—*"from the date" of a contract means "after" such date.* A guaranty of the payment of notes discounted by a bank "from the date" of the contract will not cover a note presented for discount *on* such date, and in the absence of contrary proof a note bearing an even date with the contract will be presumed to have been delivered and presented for discount on the date of its execution.

6. SAME—*when guaranty covers a note given for pre-existing debts.*
Where a contract guarantees the payment of notes discounted by
a bank "from the date" thereof, a note discounted by the bank
after such date is covered by the guaranty, although it is given to
cancel a note given to the bank before the contract was made.

*Peoria Savings, etc. Co.* v. *Elder,* 65 Ill. App. 567, reversed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit
Court of Peoria county; the Hon. THOMAS M. SHAW,
Judge, presiding.

Appellant prosecutes this appeal to reverse a judgment of affirmance in the Appellate Court. The action
was assumpsit upon the following instrument, against
all the makers:

"PEORIA, ILL., *Jan. 17, 1893.*

"*To the Peoria Savings, Loan and Trust Company:*

"GENTLEMEN—We make this request and guaranty to you,
viz.: That the Peoria Pump and Implement Company, of this
city, (incorporated,) may, from time to time from date hereof
until further notice, present to you its promissory notes and
business paper for discount or advance, to the extent of $12,000.
In case that it shall do so, we request you to discount such
notes or said paper endorsed by them, or make such advance to
them, and in consideration of the terms and one dollar to us in
hand paid by you, the receipt of which is hereby acknowledged,
we hereby guarantee the prompt payment at maturity of the
principal and interest of all promissory notes and business paper
or open account made or endorsed by said Peoria Pump and
Implement Company, and discounted or advanced upon by you
for said company; and we waive notice of the acceptance of
this guaranty, and of any and all indebtedness at any time
covered by same.

"Witness our hands and seals at Peoria, Illinois, this 17th
day of January, 1893.

| | |
|---|---|
| G. G. GEIGER, | [Seal.] |
| G. H. WYMOND, | [Seal.] |
| E. T. BRAWLEY, | [Seal.] |
| JOSEPH ELDER. | [Seal.]" |

The first and second counts of the declaration allege
that in consideration of said guaranty plaintiff discounted
and advanced the money upon a note of the pump com-

pany for $2000 dated January 27, 1893, payable March 26, 1893, with seven per cent interest from maturity, and another for $2000 dated February 14, 1893, payable ninety days after date, with seven per cent interest from maturity, both of which were made payable to the order of plaintiff. The third count alleges discounts and advances upon the following notes by the pump company, payable to the order of the plaintiff, to-wit: One for $500, dated January 17, 1893, due thirty days after date; one for $1572.76, dated January 18, 1893, due thirty days after date; one for $2000, dated January 23, 1893, due ninety days after date; one for $2000, dated January 27, 1893, payable March 21 after date; one for $2000, dated January 27, 1893, payable March 26 after date; and one for $2000, dated February 14, 1893, payable ninety days after date,—each bearing seven per cent interest from maturity. There was no service on the other defendants, and they did not appear. · Appellees pleaded non-assumpsit and certain special pleas. The trial was by the court without a jury and the finding for the plaintiff, its damages being assessed at $1661.67.

The evidence showed the execution of the several notes described in the third count of the declaration, and the payment of the money thereon by way of discount or advancement by the plaintiff. These are plain promissory notes, signed by G. H. Wymond, president of the Peoria Pump and Implement Company, payable to the Peoria Savings, Loan and Trust Company or order. ·On February 11 the pump company gave the bank a judgment note, for which the latter gave this receipt:

"PEORIA, ILL., *Feb. 11, 1893.*

"Received of the Peoria Pump and Implement Company one certain judgment note executed by the said company to the Peoria Savings, Loan and Trust Company of Peoria, Illinois, for the sum of $12,000, dated the 11th day of February, 1893, and payable one year after date, which note is given and is to be used as collateral security for the payment of any loans, advances, discounts or other liability of the said Peoria Pump and Imple-

ment Company to the said Peoria Savings, Loan and Trust Company now existing or hereafter to be incurred, as well as collateral security for the benefit of the signers of a certain instrument of guaranty to the said Peoria Savings, Loan and Trust Company, dated the 17th day of January, 1893, signed by Joseph Elder, G. G. Geiger, G. H. Wymond and E. T. Brawley as guarantors, it being the understanding that the Peoria Savings, Loan and Trust Company is to advance to the said Peoria Pump and Implement Company, from time to time, as long as they shall deem it safe to do so, moneys to be used in its business, to the amount, if necessary, of $12,000, including its present liability to said Peoria Savings, Loan and Trust Company.

Peoria Savings, Loan and Trust Co., Peoria, Ill.

C. T. Heald, *Cashier.*"

On the 23d of the same month judgment by confession was entered on said note for $11,122.76, being the amount then due on the six promissory notes above described, and a Pittsburg draft for $1000 which the bank had theretofore discounted. Execution issued on this judgment and was levied upon all the property belonging to the pump company. A suit in chancery was afterwards begun by another of the company's creditors to wind up its affairs and for the appointment of a receiver. To that action these parties, the corporation and others, were duly served as defendants. A receiver was appointed, who, by order of the court, took possession of the assets levied upon under the bank's execution and converted the same into money, which, after payment of costs, was turned over to the bank, subject to the rights of all parties interested. Deducting the Pittsburg draft, which had been paid, the amount due the bank on its judgment July 10, 1894, was found to be $10,822.29. On that day the court ordered the receiver to pay the bank $6584.09, and also authorized it to retain $320.79, balance of deposit in its hands to the credit of the pump company,—in all $6904.88,—leaving still due on its judgment as determined by the court upon the trial, $3918.43. This balance, with five per cent interest thereon from April 10, 1894, to July 25, 1895, (the date of the judgment,) amounting to $4122.51,

was found to be due from the pump company to the bank. The court, however, held the defendants, as guarantors, liable only upon three of the six notes included in the confessed judgment, namely, those of January 17 and 18 and of February 14, for $500, $1572.76 and $2000, respectively, amounting to $4072.76, and gave judgment against them for the proportionate part of the $4122.51 upon that basis, which was found to be the said sum of $1661.67. The three notes held not within the terms of the guaranty were those of January 23 and 27, each for the sum of $2000, which were given for notes of the same amount held by the bank at the date of the guaranty but not then due. The one of January 18, for $1572.76, included in the judgment, was given in payment of a note for that amount made by a third party, payable to the pump company, and by it discounted at the bank prior to the date of the guaranty.

Plaintiff appealed, and upon errors assigned upon the record insisted in the Appellate Court that the court below erred in not holding the defendants liable for the whole amount remaining unpaid, ($4122.51,) and also insisted that, even if they were not so liable, the bank had the right to credit the amount paid it by the receiver, and on deposit, upon the notes of the pump company in the order of their maturity, and having done so, only the last two, being those described in the first and second counts of the declaration, remained unpaid, and therefore the defendants were at least liable as guarantors for the whole amount due on the $2000 note dated February 14, 1893. It made the further contention that interest should have been computed on the amount found in its favor, at seven per cent, as contracted for in the notes, instead of at the rate of five per cent upon the judgment.

The defendant Elder filed cross-errors, upon which he contended that the trial court erred in holding him liable for any part of said indebtedness, because the bank had failed and refused to discount or make advancements to

the pump company to the full amount of $12,000, and because the contract of guaranty was not in fact signed and returned to the bank until after each of the notes had been discounted; also, that by a proper construction of the contract sued upon it did not guarantee the payment of either the note dated January 17, for $500, or January 18, for $1572.76; further, that the $2000 note dated February 14 was not within the terms of the guaranty, because the giving of the note of February 11, with power to confess judgment, amounted to a new arrangement between the pump company and the bank, working a release of all liability on the part of the defendants as guarantors; that the trial court erred in refusing the defendants leave to file an additional special plea during the progress of the trial; and finally, that the levy of the execution on the confessed judgment upon the assets of the pump company sufficient to satisfy the same operated as a satisfaction of that judgment.

The Appellate Court overruled each of these several alleged errors and cross-errors and affirmed the judgment of the circuit court. Appellant again appeals, and both parties question the correctness of that judgment.

HAMMOND & WYETH, for appellant.

JACK & TICHENOR, for appellee Elder.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Several of the questions raised may be briefly disposed of. The judgment note of February 11, 1893, did not release the defendants from their liability as guarantors. The receipt given for that note clearly recognized the continuation of that liability by stating that it was given as collateral security both for the benefit of the bank and the signers of the contract of guaranty dated 17th of January. We agree with the Appellate Court that the several notes for which it was given as collateral were merged in the confessed judgment by the voluntary

act of the bank, and therefore interest was properly computed upon the judgment; also, that the amount paid the bank by the receiver should have been credited on the amount found due it by the judgment, and not upon certain of the notes included in that judgment, as it claimed to have done.

The position of the appellee Elder, that the levy of the execution operated as a satisfaction of that judgment, is clearly untenable. The property levied upon was taken from the sheriff in the chancery proceeding to which he was a party, and, so far as the record shows, the order directing the assets of the company turned over to the receiver has been acquiesced in by him. The levy of an execution upon sufficient personal property to satisfy a judgment is never an absolute satisfaction of such judgment, but is only so *sub modo.*

Of the plea which the court denied leave to file pending the trial, it need only be said it presented no defense whatever to the action.

The remaining questions in controversy must be determined from the contract itself. In our opinion that instrument is clear and unambiguous in its terms, and must therefore be interpreted and construed according to the language used,—that is to say, the parties must be presumed to have meant that which their language clearly imports. It is not what one of the parties may have intended, but what is shown by the contract to have been the intention of both parties. (*Williams* v. *Fletcher*, 129 Ill. 356.) It is only when the language used is ambiguous or of doubtful meaning that the court may resort to construction, taking into consideration all the facts and circumstances surrounding the parties at the time the contract was entered into. The rule that the contract of a surety or guarantor must be strictly construed has no application to this case.

*First*—The undertaking to guarantee the payment of notes presented from time to time, *after the date of the con-*

*tract,* is clearly expressed, and the fact that it was not signed and delivered until after certain of the notes had been discounted or advanced upon was of no consequence. The agreement is not a guaranty of the payment of the notes presented after the signing and delivery of the contract, but of such as should be presented "from time to time from" the date of January 17, 1893. *Abrams* v. *Pomeroy,* 13 Ill. 133.

*Second*—There is nothing in the language employed indicating an intention that it was upon condition that advancement or discounts to the full amount of $12,000 should be made, as contended by appellee Elder. "To the extent of $12,000" clearly expresses the intention that the guarantors shall be liable to that limit, and no further. It fixes the extent to which they would be bound, and in no sense is a condition qualifying their liability. This is the plain, well-understood meaning of the language used, and it cannot be changed, varied or modified by parol evidence. *Abrams* v. *Pomeroy, supra.*

*Third*—We think it equally clear that the obligation was only for the payment of the notes presented subsequently to the date of the contract,—January 17, 1893. "From time to time from date hereof" means "after date hereof." The date of the note is *prima facie* evidence of the time of its delivery, and in the absence of proof to the contrary the $500 note bearing the same date as the contract must be held as having been presented *on,* and not *after,* that date. The date of an instrument is understood to be the day on which it is written, and "from" or "after" that date clearly means some subsequent day. The question is not whether the note was, in point of time, made after the guaranty was written, but was it "presented" to the bank after the *date* of such guaranty.

*Fourth*—Counsel for appellee Elder insist that the defendants, though liable for promissory notes and business paper of the pump company presented after that date, and discounted or advanced upon by the bank, are not

liable for any such note or notes if they were given in payment of pre-existing indebtedness,—and the circuit and Appellate Courts seem to have sustained that position as to those given in payment of the company's own notes, but not as to the one for $1572.76, made by a third party to the pump company and discounted for it by the bank. The appellant, on the other hand, insists that it was error to refuse judgment for the three $2000 notes, —one of January 23, and two of January 27. We are unable to see upon what reasoning it can be held that a liability existed upon the $1572.76 note and not upon the other three, and we think that by the terms of the agreement the parties undertook to guarantee the payment of each of them. There is no dispute as to the fact that they were all presented for discount after January 17, 1893,—that is, they were each presented to the bank for the purpose of obtaining the money upon them after that date. Whether that money was delivered directly to the pump company, or by its direction applied in payment of debts due from it to the bank, could by no fair interpretation of the contract make the slightest difference. Nothing whatever is said in the instrument as to the consideration or object for which notes shall be presented or the purpose for which the money advanced or received upon them should be used by the company. If upon their presentation the bank had discounted them and paid the money over its counter to the pump company, and that company had immediately paid the same money back in discharge of its indebtedness then due to the bank, it could scarcely have been contended that the guarantors were not liable by the terms of their guaranty. And yet the transaction as it occurred was in substance the same.

The contention of the defendants seems to be that the three $2000 notes were mere renewals of notes held by the bank. If by this is meant that the old notes were kept alive, or that this action is in any sense for the purpose of compelling the payment of the old notes, the

facts do not support the contention. They were fully paid and discharged and the liability of the parties fixed by the terms and conditions of the new notes made and *"presented"* to the bank *"from time to time"* after the date of January 17, 1893, and this suit is to recover the amount of the new notes remaining unpaid. It is doubtless true, as contended by counsel for appellee Elder, that the object of making the guaranty was to give the pump company additional credit with the bank and relieve it from financial embarrassment, but at least one of the necessities for that additional credit was its indebtedness, and we are unable to discover anything in the instrument itself, or in the oral testimony showing the condition and position of the parties, from which it can be said its liability to the bank was not to be paid with money so obtained, as well as debts owing from it to other parties. It can scarcely be supposed that it was the intention that the bank would advance money from time to time with which to pay other obligations and liabilities, and at the same time leave its own debts wholly unprovided for,—at least there is no such qualification or limitation found in the contract of guaranty, and the court has no power to so construe it.

We do not deem it necessary to enter upon a consideration of the question as to what is regarded by bankers as discounts, but base our conclusion as to the liability of the defendants upon what we regard as the plain and unequivocal meaning of the words of the agreement.

We think the circuit court erred in holding the defendants liable for the $500 note of January 17, 1893, and also in holding them not liable for the amount of each of the three $2000 notes,—one dated January 23 and two January 27, 1893. Its judgment and that of the Appellate Court will accordingly be reversed, and the cause will be remanded to the circuit court with directions to proceed according to the views herein expressed.

*Reversed and remanded.*