## EDWARD HURLEY, Respondent, v. FIDELITY & DEPOSIT COMPANY of Maryland, Appellant.

### Kansas City Court of Appeals, June 2, 1902.

1. **Principal and Surety:** CONSTRUCTION OF BOND: NOTICE. A street railway company made an agreement with a contractor to pave in and about its track, and bound itself to put in a certain concrete foundation and to keep it at least a block ahead of the paving. A surety company signed the bond of the railway company for its faithful performance of its part of the contract, which bond required the contractor to notify the surety company in writing of any act on the part of the railway company which might involve loss to the surety company immediately after such act shall have come to the knowledge of the representative of the contractor who shall have supervision of the completion of said contract. The work was done and accepted and the cash and eight monthly deferred payments made, when default was made on the remaining deferred payment. *Held*, the stipulation in the bond for immediate notice applied only to acts occurring during the construction of the pavement, and not to default on deferred payments after completion of the work.

2. ——: ——: CONTRA PREFERENTEM. If a stipulation of a surety bond is fairly and reasonably susceptible of two constructions, the one most favorable to the secured party should be adopted if consistent with the object for which the bond was given.

Appeal from Pettis Circuit Court.—*Hon. Geo. F. Longan*, Judge.

AFFIRMED.

*Robert L. McLaran* and *Charles E. Yeater* for appellant.

(1) Plaintiff's evidence shows conclusively that he broke the condition of the bond by not notifying defendant immediately after the first and all subsequent

defaults' of the principal, and defendant's demurrer to the evidence should have been sustained. Michigan Savings & Loan Ass'n v. Trust Co., 73 Mo. App. 161; Rice v. Fidelity & Deposit Co., 103 Fed. Rep. 427-32; Hickock v. Bank, 35 Vt. 476; Jones v. Keer, 30 Ga. 93; Bacon v. Chesney, 1 Stark 192; Cunningham v. Wrenn, 23 Ills. 64; Lynch v. Colgate, 2 Harris & J. (Md.) 34; Linn Co. v. Farris, 52 Mo. 75; Whitsell v. Mebane, 64 N. C. 345; Robinson v. Epping, 24 Fla. 237; Bonser v. Cox, 4 Blavan's 379; Brandt on Suretyship and Guaranty (2 Ed.), sec. 403, et seq. (2) A condition is a provision on the fulfillment of which depends the taking effect or continuance in effect of the instrument or some clause of it or the existence of some right established or recognized by it, as distinguished from a covenant. Century Dictionary, tit. "Condition" 8 (a).

*Cashman & Bohling* and *James T. Montgomery* for respondent.

(1) The provisions of the bond, relied on by the defendant as a defense to this action, do not require the plaintiff to notify the surety company of a default in the first or any subsequent installment, as a condition precedent to a recovery for a breach of the bond. The language of the bond being vague, indefinite and ambiguous, it must therefore be strongly construed against the surety company. American Surety Co. v. Pauly, 170 U. S. 133; Guarantee Company v. Mechanic's Sav. Bank & Trust Co., 80 Fed. 766, and cases there cited; Shine v. Bank, 70 Mo. 524; 1 Brandt on Suretyship and Guaranty (2 Ed.), secs. 92-94; B. & L. Ass'n v. Gibbs, 119 Mich. 322. (2) The rule that a surety is a favorite of the law, has no application in this case. Where a surety company makes bonds a business, charging a premium, they stand before the law on the same footing as an insurance com-

pany.   Walker v. Haltzclaw, 35 S. E. 774, and cases cited supra.

BROADDUS, J.—This is a suit by plaintiff to recover against the defendant as surety for the Electric Railway, Light and Power Company.   On the fifteenth day of August, 1898, the city of Sedalia, Missouri, by ordinance, required the said Electric Railway, Light and Power Company to pave between and one foot on each side of its street car tracks on Ohio street in said city.   On said day plaintiff entered into a contract with said last-named company, by which he agreed to do said paving as required by specifications.   Upon the completion and acceptance of said work by said city, the said company was to pay plaintiff at the rate of $1.35 per square yard, as follows: one-third in cash when the work was accepted by the city, and the balance in twenty-four equal monthly installments.   The said company, with defendant as its surety, entered into a bond to the plaintiff in the penal sum of $3,000 for a faithful performance by said company of its contract with the plaintiff.

The plaintiff completed his contract in compliance with his agreement, on the twenty-third day of November, 1898, at which time it was accepted by the city. The amount due him was $2,853.41, one-third of which said company paid; the balance was divided into twenty-four equal installments payable monthly from said date of November 25, 1898, eight of which were paid. The remaining installments were not paid.

The obligation assumed by the defendant is contained in the following paragraph of said bond, viz.: "Whereas, said principal has entered into a certain contract of even date herewith, the consideration of which is that said principal shall pay to the said Edward Hurley the sum of one dollar and thirty-five cents per square yard for the paving of that portion of Ohio street between the south line of the M. K. & T. Railway

Company's tracks and the north line of Broadway, as described in said written contract; both streets in the city of Sedalia, and when said contract has been fully complied with in accordance with the specifications set forth in the ordinance and contract under which said work is done, and has been fully accepted by the city of Sedalia, then said principal herein is to pay one-third of the total amount of said contract in cash, and the balance to be paid in twenty-four monthly installments, bearing interest at the rate of seven per cent per annum from date. Now, therefore, the conditions of the foregoing obligation is such, that if the said principal shall well, truly and faithfully comply with all the terms, covenants and conditions of said contract on its part, to be kept and performed according to the tenor and effect thereof; then this obligation is to be null and void,'' etc.

The condition of the bond that has brought about this controversy is as follows: ''Provided, that said surety shall be notified in writing of any act on the part of said principal, or its agents or employees, which may involve a loss for which the said surety is responsible hereunder, immediately after the occurrence of such act shall have come to the knowledge of the duly authorized representative or representatives of Edward Hurley, who shall have the supervision of the completion of said contract, and a registered letter mailed to the president of said surety company at its principal office in Baltimore City, Maryland, shall be deemed sufficient notice within the meaning of this bond.'' It is contended by the defendant that as said company, the defendant's principal, failed to pay the four monthly installments due in September, October, November and December, respectively, for the year 1899, such failure involved such a loss to the defendant as was contemplated by said condition in the bond in suit, of which it was entitled to immediate notice, and that as the plaintiff failed to give such notice, it is not liable

for the payment of said installments, or any other installments not paid when due, of which it did not have immediate notice.   It was shown in evidence that plaintiff did give notice of the non-payments of said four installments, but not immediate notice, and after they all became due he gave defendant notice that they had not been paid.

The finding and judgment was for the plaintiff, from which the defendant appealed, and the single question for our consideration is, whether the defendant was discharged from liability by reason of the failure of plaintiff to give it immediate notice of the non-payment by defendant's principal of each of said installments as they became due.

In order to comprehend the plaintiff's contention it is necessary to state that there was a written contract between him and the said Electric Railway, Light and Power Company, by the terms of which said company agreed to prepare and repair the concrete foundation of said Ohio street, and the space required to be paved, and to keep said foundation so repaired at least one block in advance of the pavement to be laid by the plaintiff.   Plaintiff claims that said condition relates wholly to this part of said company's duty, and had no reference whatever to its failure to pay for the work after it had been completed.   And we think his position is unassailable.   The language of the condition that defendant shall be notified in writing of any act of said company, or its agents, "which may *involve a loss* for which said surety is responsible hereunder, immediately after the occurrence of such act shall have come to the knowledge of the duly authorized representative or representatives of Edward Hurley, *who shall have the supervision of the completion of said work*," refers to any act of said company while the work is being prosecuted.   For instance, if said company had failed to repair and prepare the concrete foundation for the pavement in question, as provided

by the contract between the plaintiff and said company, the defendant would have been liable to him on its bond for any loss or damage he may have sustained thereby. It would have been necessary, in such a contingency, for the defendant to have had immediate notice, that by reason of the failure of its principal to have the concrete foundation prepared for the pavement, the work could not go forward; for the defendant would then be able to protect itself against loss, by at once, without delay preparing the foundation as its principal was obligated to do. It would have thus been enabled to avoid damages to plaintiff occasioned by delay, for the non-performance of the contract upon the part of its principal.

When the plaintiff had completed the work in question and it had been accepted by the city of Sedalia, he had complied with all the terms of his contract with said company, and the amount of its and the defendant's liability had then been ascertained. There was nothing more to be done by him, and it seems to be a curious process of reasoning, to say the least of it, that the said condition in the bond in suit could be so construed as to apply to anything that occurred afterwards. It is clear, however, that said condition had reference only to such acts of said company, which would cause loss for which defendant would be liable, while the contract of plaintiff with defendant's principal was being performed.

However, if the condition in question, taken in connection with the whole instrument, is fairly and reasonably susceptible of two constructions, the one favorable to defendant and the other favorable to the plaintiff, the one most favorable to the plaintiff must be adopted, if it be consistent with the object for which the bond was given. This is the well-settled law in the Federal courts, as well as in the courts of this State. American Surety Co. v. Pauly, 170 U. S. 133. In Shine's Adm'r v. Bank, 70 Mo.

524, Judge NORTON, in reference to this question, used the following language, viz.: "It may be said that it is so well settled as not to require the citation of authorities to establish it, that for the ascertainment of the intention of the guarantor, the written guaranty must be looked to, and if there is room to doubt, or if uncertainty is to be found on the face thereof, the words are to be received and accepted in the strongest sense against the party using them, according to the maxim *verba fortius accipiuntur contra preferentem.*" The defendant's undertaking was in the nature of a guaranty that its principal should perform its contract with the plaintiff, and as the bond in question was drawn by the defendant's agents and officers, it must be, according to the rule of construction, taken most strongly against it.

It seems to us, however, that there can be but one reasonable construction placed upon said bond, the one as indicated in this opinion, for which reason the cause is affirmed. All concur.