**WOELFEL v. ROTAN GROCERY CO. et al.***
(No. 5605.)

(Court of Civil Appeals of Texas. Austin.
March 8, 1916. Rehearing Denied
April 5, 1916.)

1. GUARANTY ⛛≈38(2) — CONSTRUCTION OF CONTRACT—CONTINUING GUARANTY.

In a written guaranty by the stockholders of a mercantile corporation, unconditionally guaranteeing the payment of any indebtedness of the corporation to a wholesaler, made within certain time limits, not to exceed a certain sum, the limitation of amount clearly applies to the indebtedness, not to the payment, and therefore the guaranty is a continuing one and renders the guarantors liable for a balance due the wholesaler less than the limited amount, though the corporation had, since the execution of the guaranty, paid to the wholesaler more than that amount.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 47; Dec. Dig. ⛛≈38(2).]

2. GUARANTY ⛛≈38(2) — CONSTRUCTION OF CONTRACT—CONTINUING GUARANTY.

The liability under a guaranty will be construed as continuing when it is evident the object was to give a standing credit to the principal debtor to be used from time to time.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 47; Dec. Dig. ⛛≈38(2).]

3. GUARANTY ⛛≈61—DISCHARGE OF GUARANTOR — EXTENSION OF CREDIT — TAKING ADDITIONAL SECURITY.

One who signed a written guaranty expressly authorizing the extension of time for payment is not released by the taking of additional security as a consideration for such extension, since that is to his benefit.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 71; Dec. Dig. ⛛≈61.]

Appeal from District Court, McLennan County; Tom L. McCullough, Judge.

Action by the Rotan Grocery Company against Nick Woelfel and others. Judgment for the plaintiff, and the named defendant appeals. Affirmed.

Wallace & Moore, of Cameron, for appellant. J. D. Williamson, of Waco, for appellee.

RICE, J. Prior to the 12th of April, 1912, the Rotan Grocery Company, who was engaged in the wholesale grocery business at Waco, had as one of its regular customers the German Mercantile Company, a corporation doing business at Thorndale and at Thrall, Tex. Hermann Unnasch, Ernst Richter, John Woelfel, John Schiwart, J. T. Johnson, F. W. Schwartz, A. E. Moerbe, J. C. Leschber, and Nick Woelfel were stockholders in the last-named company, and, desiring to secure appellee in the payment for merchandise to be sold to the German Mercantile Company, did on said date execute and deliver to the Rotan Grocery Company the following guarantee, to wit:

"In consideration of the sale of merchandise by the Rotan Grocery Company, to German Mercantile Company of Thorndale, Texas, I, we or either of us guarantee unconditionally the payment to the Rotan Grocery Company, at

---

⛛≈For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.

Waco, Texas, any indebtedness of said German Mercantile Company to it made prior to November 1, 1912, and thereafter until further notice in writing, not to exceed the sum of $12,000. And I, we or either of us consent to any extension of payment made between said parties, and that the form of such indebtedness may be changed from account to note, bill or other commercial paper, waive notice, protest and suit. And I, we or either of us agree to pay the rate of interest said parties agree upon, and 10 per cent. attorney's fees if said debt is sued upon, or placed in an attorney's hands for collection."

During the course of business appellee company sold to the German Mercantile Company certain merchandise, aggregating the sum of $18,652.36, upon which there had been paid on January 20, 1913, the sum of $7,652.36, leaving a balance of $11,000, for which said company and guarantors, except Nick Woelfel, executed their promissory notes, one for $6,000 and the other for $5,000, and said Mercantile Company becoming insolvent, this suit was brought by appellee against all of said guarantors upon said notes, purporting to be signed by appellant and the other guarantors, as well as upon the written guarantee, to collect an unpaid balance thereon, amounting to $5,792.91.

The appellant answered denying liability upon the notes, on the ground that his signature thereto was forged; and while admitting the execution by him of the guarantee, averred that he is not liable thereon for the reason that the guarantee had been exhausted by payment; and, in the alternative, that he had been released by reason of the extension of the time of payment of the indebtedness, without notice to him, in consideration of additional security.

The case was tried by the court without a jury upon an agreed statement of facts, who found against appellant upon all the issues submitted, except that of forgery, and rendered judgment against him jointly and severally with the other defendants by reason of the guarantee, for the sum of $5,792.91, which was an agreed balance, with 10 per cent. interest thereon from date of judgment, from which judgment this appeal is taken.

[1] The principal controversy in this case on the part of appellant grows out of the fact that during the continuance of its business the Mercantile Company, who had purchased goods in excess of said guarantee, had paid during the progress of the business, from time to time, on its account with appellee more than the sum of $12,000, the limit of said guarantee, whereby it was contended the guarantee had been exhausted, and appellee was not entitled to recover thereon. While appellee contends that the guarantee in question was a continuing one, and appellant became liable, notwithstanding such payments, for any balance that might be due thereon, not to exceed the sum of $12,000.

In the case of Hill Mercantile Co. v. Rotan Grocery Co., 127 S. W. 1080, this court construed a guarantee in every respect similar to the one under consideration (except as to the names of the parties and the amount involved) to be a continuing guarantee. So that if the guarantee was a continuing one, as contended by appellee, then appellant became liable and judgment was properly rendered against him. But appellant insists that, under the authority of Lemp v. Armengol, 86 Tex. 691, 26 S. W. 941, the guarantee sued upon is not a continuing one, for which reason the court erred in rendering judgment against him thereon. In that case the following guarantee was given:

"Know all men by these presents, that we, J. Armengol, Raymond Martin, and Fred Werner, of the county of Webb and state of Texas, in consideration of goods sold and to be delivered to A. E. Krempkau, of the city of Laredo, by William J. Lemp, of the city of St. Louis, state of Missouri, do hereby guarantee full payment to said William J. Lemp of the value of all goods sold and delivered since the 1st day of March, 1889, or that may be hereafter sold and delivered to said Krempkau, not to exceed, however, the sum of $3,000."

Judge Gaines, in construing that instrument, held it to be ambiguous, and therefore that it was competent to offer parol testimony to explain its meaning on the ground that it was not evident whether the limitation "not to exceed, however, the sum of $3,000" qualified the words "full payment" or "value," saying, in discussing the case:

"Was it the intention to qualify the word 'payment' as found in the contract, or the word 'value'? If the former, then the writing should be construed as if it read, * * * 'We * * * hereby guarantee full payment, not to exceed, however, the sum of $3,000, to William J. Lemp, of the value of all goods sold and delivered since the 1st day of March, 1889, or that may be hereafter sold and delivered to said Krempkau.' If the latter, then the contract would read, * * * 'We * * * hereby guarantee full payment to William J. Lemp * * * not to exceed, however, the sum of $3,000 of all goods sold and delivered since the 1st day of March, 1889, or that may be hereafter sold and delivered to said Krempkau.' According to the latter construction, the guarantee would apply only to the first $3,000 of indebtedness contracted by Krempkau under the contract; and when the indebtedness was paid, the obligation would have been discharged. The former construction would limit the amount of the liability to be incurred by the guarantors, but would leave no limitation upon the amount of the sales with reference to which the promise was made. This would make the contract a continuing guarantee."

The instant case is distinguishable from that in that it is clear that the expression in the present guarantee, "not to exceed, however, the sum of $12,000" was intended to qualify the word "payment," and not as a limitation upon the amount of goods to be purchased and meant that appellant and his coguarantors unconditionally bound themselves for the payment of any indebtedness of said German Mercantile

Company to the appellee, not to exceed the sum of $12,000. It is evident, from the course of dealing of the parties, that this guarantee contemplated covering more than one transaction; and it was not limited in time, but provided for its continuance until further notice by the guarantors.

[2] In Cyc. vol. 20, p. 1440 et seq. it is said:

"When the amount of a liability is limited and the time is not expressly limited, the courts lean towards construing the guaranty as a continuing one. The liability under the guaranty will be regarded as continuing when by the terms of the contract it is evident that the object is to give a standing credit to the principal debtor, to be used from time to time, either indefinitely, or until a certain period. So a guaranty may be construed as continuing where attendant circumstances strongly indicate that more than a single transaction was contemplated, especially if the right to recall the guaranty is expressly reserved. So, words guaranteeing payment for 'any goods' which may be purchased by the third person, or the payment of any debt which may be contracted up to a certain amount, are almost invariably held to indicate that the liability is intended to be continuing."

See; also, notes thereunder and authorities. Also Trustees v. Gilliford, 139 Ind. 524, 38 N. E. 404; Peoria Savings, Loan & Trust Co. v. Elder, 165 Ill. 55, 45 N. E. 1083; Dumont v. Fry (C. C.) 14 Fed. 293.

[3] There is no merit in appellant's contention that the taking of additional security and the extension of time of payment in consideration thereof, without notice to appellant, released him from liability thereon, because the guarantee itself authorized the extension of payment; and certainly the taking of additional security, as was held in Hill Mercantile Co. v. Rotan Grocery Co., supra, could work no injury to appellant, but was beneficial to him.

After a careful consideration of the record, we find no reversible error, for which reason the judgment of the court below is in all things affirmed.

Affirmed.