A. SITRON & COMPANY, Respondent, v. BENJAMIN FRIEDBERG, Appellant.

Kansas City Court of Appeals, April 30, 1917.

1. **CONTRACTS: Guaranty: Prosposal: Interpretation: Ambiguity.** A contract of guaranty is composed of the proposal and the acceptance. The proposal is one sided and couched in the language of the guarantor and is therefore to .be interpreted as strongly against him as the sense of it will admit.

2. ——: ——: **Credit: Specific Sum: Liability.** A contract of guaranty reading that, "In consideration of your firm extending credit to the Gary Clothing Company to the amount of five thousand dollars, I agree to be personally responsible," etc., should be interpreted to mean that the clothing company is to be given credit, if it asks it, in sums that will reach at least five thousand dollars; and if after extending credit for a part of that sum, further credit is wrongfully refused, the guarantor is discharged.

Appeal from Jackson Circuit Court.—*Hon. George H. Kelley*, Special Judge.

REVERSED AND REMANDED.

*Lathrop, Morrow, Fox & Moore* and *Cyrus Crane* for appellant.

*M. B. Aaron* and *Blum & Blum* for respondent.

ELLISON, P. J.—Plaintiff company is a wholesale merchant residing in Chicago and the Gary Clothing Company is a retail merchant residing in Kansas City. On August 27, 1913, defendant executed a contract of guaranty to plaintiff for goods to be sold to the Gary Company and this action is based on that contract. The judgment in the trial court was for plaintiff.

The contract was signed by defendant and sent to plaintiff who acknowledged its receipt and its acceptance. It is in the following words:

"A. Sitron & Co., Chicago, Illinois.

Gentleman: In consideration of your firm extending credit to the amount of five thousand dollars ($5000), I agree to be personally responsible to your firm in case of the failure, neglect or default of Gary Clothing Co. to pay any or all bills when due. It is further understood that all merchandise is sold ninety days net, no discount. In case the bills are not paid when due, the buyer is to have the privilege of an extension of nine months after the day when said bill was due, provided, however, that all bills not paid when due draw interest at the rate of six per cent. (6%) per annum from and after date when due until date of payment, which in no event is to be longer than one year from date of invoice."

On the faith of this guaranty plaintiff sold goods to the Gary Company in excess of four thousand dollars; but refused to make further sales, and thus did not extend credit for as much as the sum of five thousand dollars mentioned in the contract. There was evidence tending to show that the ground of this refusal was that the Gary Company had not paid some bills which had been shipped on faith of the guaranty and also that it had not paid a certain note not connected with the guaranty. At the time of this refusal the credit of from nine to twelve months provided for in the guaranty had not expired.

Plaintiff's interpretation of the contract is that the guaranty covered any credit extended in any amount

not exceeding five thousand dollars, and that if there is any doubt about it, it should be resolved against defendant; while the latter insists that in order to bring him within its provisions for liability plaintiff must have extended credit, or been willing to do so, for as much as the five thousand dollars worth of goods.

A contract of guaranty consists of a proposal and an acceptance by the person to whom the proposal is made. The proposal is the one sided act of the guarantor and is couched in language selected by him and therefore it is held that where there is any ambiguity the words are to be given the meaning most strongly against his interest which they will bear—as strongly "as the sense of them will admit." [Mason v. Pritchard, 12 East 227; Lawrence v. McCalmont, 2 Howard 426, 449; Granite Co. v. York, 89 Maine 54; Locke v. McVean, 33 Mich. 472, 477; Rindge v. Judson, 24 N. Y. 64; Peoria Sav. Bank v. Elder, 165 Ill. 55, 62; Tootle & Maule v. Elgutter, 14 Neb. 158.] And that rule has been adopted in this State. [Shine v. Bank, 70 Mo. 524, 533; Kansas City v. Youmans, 213 Mo. 151, 166; Hurley v. Fidelity Co., 95 Mo. App. 88, 93.]

Of the above cases, in Mason v. Pritchard, the words of the contract were "for any goods he hath or may supply my brother W. P. with to the amount of 100 pounds." This was held to cover an amount less than 100 pounds and that it was a continuing contract of guaranty until put an end to by recall.

In Rindge v. Judson, a contract to be "accountable that B will pay you for glass, paints, etc., which he may require in his business, to the extent of fifty dollars," was held to be a continuing guaranty, and that the limitation was not on the amount of the credit, but to the sum total of the guarantor's liability. And the same ruling was made on a similar guaranty in Tootle v. Elgutter.

In Peoria Sav. Bank v. Elder, at page 62, it is held that the expression in the guaranty, "To the extent of $12,000," fixes the outside extent of liability, but

did not require that credit for as much as that amount should be given, before liability would attach.

These cases serve as illustrations, though they cannot be decisive of a contract differently worded. And so it is said by the Court of Appeals of New York in Rindge v. Judson, supra, at page 66, that, "Except to demonstrate principles, not much aid can be obtained from adjudged cases; because each case must depend mainly upon the terms of the instrument, and it is scarcely possible that two instruments should be precisely alike."

With that admonition, we direct our attention to the terms of the guaranty in controversy. Addressing plaintiff, defendant says: "In consideration of your firm extending credit (to the Gary Company) to the amount of five thousand dollars, I agree to be personally responsible," etc. Now we understand that to mean that the company is to be given credit, if it asks it, in sums that will reach at least five thousand dollars. Anything over that would not affect defendant's liability for that much. But a refusal of a request of anything under that would violate the plain terms of the agreement. We may reasonably infer that defendant wished to assist the Gary Company in its mercantile venture, and he believed that not less than five thousand dollars would be sufficient, and so he contracted with plaintiff that if the latter would give that amount of credit he would guarantee its payment. Plaintiff's breaking down partway in extending that credit, was a failure on its part to perform its contract and if without defendant's fault, discharged him. In this connection we think there is nothing substantial in plaintiff's suggestion that to adopt a construction favorable to this view would make it necessary to say that if plaintiff extended credit one dollar in excess of five thousand it would be to violate the contract. We have no right to go beyond the limit of common sense, and remaining within that limit, we must see that to go beyond the sum named, at Gary's request, would not affect defendant's liability. So if Gary &

Company had refused to ask credit for the full sum, that, of course, would not have affected defendant's liability for what it did ask.

Plaintiff's excuse for stopping credit short of the sum named as referred to at the outset was not valid; and the case not having been tried in accordance with the views herein expressed the judgment is reversed and the cause remanded. All concur.