**In re Daniel PACZESNY, Debtor.**

**No. 02 B 12387.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

Sept. 19, 2002.

716

Daniel A. Edelman, Edelman, Combs & Latturner, Chicago, IL, for Plaintiff.

Terry D. Weissman, Neal, Gerber & Eisenberg, Chicago, IL, for Defendant.

### *MEMORANDUM OPINION ON MOTION OF ALLEGED DEBTOR TO DISMISS*

JACK B. SCHMETTERER, Bankruptcy Judge.

For reasons stated below, the Motion of Alleged Debtor to dismiss the Involuntary Petition filed by Windsor Thomas Group, Inc. ("Windsor") against Daniel Paczesny under 11 U.S.C. § 303 is allowed and the Involuntary Petition and this case are dismissed under 11 U.S.C. § 303(b) and (h)(1) because a bona fide dispute exists as to the validity of the debt asserted.

The following history is undisputed by the parties.

Windsor loaned $24,000 to Paczesny and promptly confessed judgment against him using an attorney selected by it. Judgment was entered in a Florida court without notice to Defendant for $71,101.50. After waiting a year until the Florida judgment was incontestable under Florida law, Windsor sought to register that judgment in Illinois. However, the state court judge ultimately refused to register the judgment, ruling that it was obtained by fraud and that the Florida court did not have personal jurisdiction over Paczesny. That judgment of the Illinois judge was not appealed and is final.

Following the Illinois court ruling, Windsor filed its first Involuntary Petition against Paczesny based on the Florida judgment. Because the Illinois court ruling showed a bona fide dispute over the asserted judgment debt, that Involuntary Petition was dismissed under 11 U.S.C. § 303(b) and (h)(1).

Windsor then filed the present Involuntary Petition, this time alleging only the original loan amount of $24,000 plus interest, not the judgment. The claim asserted in that regard rests on the original note evidencing debt, which was the original contract between the parties. Windsor is the only petitioning creditor.

The judgment in Florida still stands. Under Florida law Paczesny cannot attack that judgment, and Windsor still asserts its validity. Paczesny therefore argues *inter alia* that the original debt merged into the Florida judgment and cannot be asserted or collected on so long as that Florida judgment stands, asserting the authority discussed below.

■ In Florida, the doctrine of the law of merger was set forth in *Diamond R. Fertilizer Co. v. Lake Packing*, 743 So.2d 547, 548–49 (Fla.App. 5 Dist.1999), where it was stated:

The doctrine of merger provides that a cause of action upon which an adjudication is predicated merges into the judgment and that, consequently, the cause of action's independent existence perishes upon entry of the judgment. The doctrine of merger is based on the reasoning that the judgment is considered to be superior to the cause of action on which it is founded. By extinguishing the cause of action on which a judgment is based, the doctrine of merger bars a subsequent action for the same cause. The doctrine of merger can be applied only to matters "between parties to the litigation or their successors, conclusively settled by the decision of the court." That is, "in order to effect a merger of a lower obligation into a higher, the obligations must be between the same parties, and upon the same debt or claim."

■ In Illinois, the doctrine of the law of merger was set forth in *Doerr v. Schmitt*, 375 Ill. 470, 31 N.E.2d 971, at 972 (1941):

"The general rule is, that by a judgment at law or decree in chancery, the contract or instrument upon which the proceeding is based becomes entirely merged in the judgment. By the judgment of the court, it loses all of its vitality and ceases to bind the parties to its execution. Its force and effect are then expended, and all remaining legal liability is transferred to the judgment or decree. Once becoming merged in the judgment, no further action at law or suit in equity can be maintained on the instrument." This rule was reaffirmed in *Peoria Savings Loan & Trust Co. v. Elder*, 165 Ill. 55, 45 N.E. 1083, and has never been departed from. The same rule is stated by Freeman in his

treatise on judgments, fifth edition, volume 2, section 546, in this language: "Courts, in order to give a proper and just effect to a judgment, sometimes look behind, to see upon what it was founded, just as they would, in construing a statute, seek to ascertain the occasion and purpose of its enactment. The cause of action, though it may be examined to aid in interpreting the judgment, can never again become the basis of a suit between the same parties. It has lost its vitality; it has expended its force and effect. All its power to sustain rights and enforce liabilities has terminated in the judgment or decree. It 'is drowned in the judgment,' and must henceforth be regarded as functus officio." It is said in *Gaines v. Miller*, 111 U.S. 395, 4 S.Ct. 426, 28 L.Ed. 466, that where a judgment is obtained for money the demand is merged in the judgment and a suit cannot be brought on the claim for the money but the only remedy is to enforce the judgment or bring another suit on the judgment.

■ In the case at bar, Windsor obtained a judgment on February 23, 1999, in the Tenth Judicial Circuit of Polk County, Florida, case No. GCG–99–448, in the amount of $71,101.50 based upon the "contract between the parties" referred to at page two of the pending Involuntary Petition. That judgment is still in full force and effect. Since the Florida judgment still stands, the "contract between the parties" was at least arguably merged into that judgment. Thus, as the case is presented here Windsor probably cannot sue on the contract since the contract was merged into the judgment. Rather, Windsor's only recourse is to enforce the judgment. However, as earlier determined the judgment itself is subject to a bona fide dispute between the parties, and as such could not form the basis of the earlier Involuntary Bankruptcy Petition. And be-cause the note apparently merged into the judgment, a bona fide dispute lies over the purported debt claimed here. While Windsor argues reasons why the merger doctrine should not be recognized in this case, the dispute over it is evident and certainly bona fide.

■ In this Circuit, the standard for determining whether a debt is subject to a bona fide dispute was enunciated in *Matter of Busick*, 831 F.2d 745, 750 (7th Cir.1987):

> ... [T]he bankruptcy court must determine whether there is an objective basis for either a factual or legal dispute as to the validity of the debt. However, "[t]he statute does not require the court to determine the outcome of any dispute, only its presence or absence. Only a limited analysis of the claims at issue is necessary."

In adopting this standard, the Eighth Circuit Court of Appeals noted in *In re Rimell*, 946 F.2d 1363, 1365 (8th Cir.1991):

> The court's objective is to ascertain whether a dispute that is bona fide exists; the court is not to actually resolve the dispute.

■ It is Windsor's burden to show that its claim is not subject to a bona fide dispute in light of the foregoing history. *Id.* It has not met that burden. The absence of a bona fide dispute is a jurisdictional prerequisite. *In re Onyx Telecommunications, Ltd.*, 60 B.R. 492, 496 (Bkrtcy.S.D.N.Y.1985). The presence of such dispute here means that the pending Involuntary Petition must be dismissed.

Because a bona fide dispute therefore exists as to the validity of the debt presently asserted, the pending Involuntary Petition must and will be dismissed by separate order.

A suit was filed in state court relating to the foregoing and other issues. That suit

was removed to this Court as an Adversary proceeding now pending here. But because the bankruptcy case is being dismissed, the related Adversary will also be dismissed by separate order for lack of jurisdiction.

All other issues raised by the parties in pleadings on the alleged Debtor's Motion to Dismiss, and his separate but related Motion for Judgment on the Pleadings, need not and therefore will not be reached and are reserved for adjudication by state courts.