Ex parte **HYDRICK.**

No. 4194.

District Court, E. D. South Carolina.
Dec. 19, 1935.

W. C. Wolfe, of Orangeburg, S. C., for petitioner.

Carroll E. Summers, of Orangeburg, S. C., for First Carolinas Joint Stock Land Bank.

MYERS, District Judge.

The petition filed herein sets out in the schedule of assets 96 acres of land, and buildings, of the value of $1,500, and 26 acres of unencumbered land of the value of $250, and assets in personal property of the value of $225; showing total assets of $1,975; and listing as debts, mortgage claim of First Carolinas Joint Stock Land Bank, mortgage on the 96-acre tract, of $2,500, and current indebtedness of small items, amounting to $50, making total indebtedness of $2,550. The matter was heard before the conciliation commissioner, whose report sets out in effect that the 96-acre tract under mortgage to the First Carolinas Joint Stock Land Bank was the property of Calvin D. Hydrick, deceased, the husband of the petitioner, and that the bond and mortgage securing the same were executed by Calvin D. Hydrick prior to his death; that the said Calvin D. Hydrick by will devised the said 96-acre tract of land so mortgaged to the petitioner, Margaret L. Hydrick, and, after her death, to the testator's son. The report of the

commissioner submitted the finding that the lien on the 96-acre tract of land so devised by Calvin D. Hydrick was not the obligation or debt of petitioner, but that of her husband, Calvin D. Hydrick, deceased; and further finds that the petitioner, owning 26 acres additional of unencumbered land, is not insolvent.

The First Carolinas Joint Stock Land Bank heretofore filed the foreclosure proceedings in the court of common pleas for South Carolina, in which proceeding an order of foreclosure and sale was made, and proceedings thereunder stayed, upon filing of the petition under consideration by order herein.

The matter now comes before me on motion to confirm the report of the conciliation commissioner and revoke the stay heretofore issued in this proceeding, and to dismiss the petition. The question submitted is, in effect, whether the bond and mortgage in process of foreclosure by the First Carolinas Joint Stock Land Bank is a debt of the petitioner. While it is true that under the laws of South Carolina one who takes title to real estate upon which there is a mortgage lien assumes the debt, and is liable for whatever may be due under the lien indebtedness so assumed, I am of the opinion that petitioner's interest in the property covered by the bond and mortgage of the First Carolinas Joint Stock Land Bank is that of a holder of the title, the title having vested in her under the will, upon the death of the mortgagor testator; but that she did not thereby assume the payment of the lien, but acquired only a limited estate, in effect a life interest, in such equity as might exist, if any, in the mortgaged property. In the case of a purchaser for value, subject to lien indebtedness, under the South Carolina law, upon the enforcement of the lien the purchaser would be subject to a deficiency judgment, in the event that the lien was not discharged by sale of the mortgaged property. In the case at bar, the petitioner, under no theory of the law of real estate, contract or otherwise, could, in my opinion, be held for any deficiency on the mortgage debt; and I am of the opinion that therein lies the true test as to whether or not her acceptance of title under the will made the mortgage debt her debt, or whether she took merely a limited estate under the will. Whether the petitioner is solvent or insolvent is determined by the finding that the mortgage debt is

that of the testator, Calvin D. Hydrick, and not of the petitioner. I am of the opinion that the motion should be granted, the report of the commissioner approved, that the stay heretofore granted in this proceeding should be vacated, and that the petition herein should be dismissed.

It is therefore ordered that the petition herein be dismissed and that the right of the mortgage creditor to interpose hereafter the question of constitutionality of the Farmer-Debtor Act and the amendments thereto (11 U.S.C.A. § 203) be reserved for further consideration, if necessary.

It is further ordered that the petitioner be allowed exception and the usual period for perfecting appeal under this order, should she be so advised.