### In re COLE.
### No. 7738.

District Court, W. D. Michigan, S. D.
June 24, 1939.

Linsey, Shivel, Phelps & Vander Wal, of Grand Rapids, Mich., for debtor-bankrupt.

Russell Van Kovering, of Grand Rapids, Mich., for secured creditor (objector).

RAYMOND, District Judge.

The controlling question raised by the appeals relates to the validity of the order of the Conciliation Commissioner dated April.1, 1939, denying the petition of Pearl Irene Smith that the real estate included in the inventory and appraisal be eliminated and excepted from the operation of Section 75 of the Bankruptcy Act, 11 U.S. C.A. § 203. The material facts and documents relating thereto have been stipulated by the parties and approved by the Conciliation Commissioner, and detailed repetition herein is unnecessary.

The appraisal which was approved by the Commissioner discloses that the debtor-bankrupt has livestock and farm implements valued at $123 and that the only other farm property claimed is the eighty acre farm without buildings, appraised at $1,500, which is here in controversy. On October 28, 1938, the bankrupt acquired, for a consideration of $1, from the administrator of the estate of Sarah A. Cole, deceased, her interest as vendee in a land contract covering this land. On October 31, 1938, he filed petition for relief by composition under Section 75 of the Bankruptcy Act, and on March 1, 1939, was adjudged bankrupt upon his amended petition under Section 75(s).

The sole interest of the estate of Sarah A. Cole in the premises was that of vendee under land contract which was in default, the amount due being approximately $2,700 and forfeiture having been declared thereon on August 6, 1935. An extension of the period of redemption under the state law expired November 1, 1938.

Consideration of the circumstances attending acquisition of the farm by bankrupt, the date thereof, the consideration therefor, and his financial status as disclosed by the record afford sufficient grounds for a conclusion that bankrupt's offer of composition was not made in good faith and that there exists no reasonable.

hope of his financial rehabilitation. To deprive the vendor of her remedies under a land contract in these circumstances would amount to denial of her constitutional rights. The constitutionality of Section 75(s) of the Bankruptcy Act was sustained by an interpretation which made good faith in initiation of the proceedings and reasonable hope of rehabilitation essential prerequisites. See Wright v. Vinton Branch, 300 U.S. 440, 462, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455.

 The instant proceedings are, however, fatally defective in another aspect. Under the facts as conceded, Walter M. Cole was not a farm debtor within the provisions of the act. In other words, no debtor-creditor relationship resulted from his acquisition of Sarah A. Cole's interest as vendee in the land contract. The law is established in Michigan that a conveyance or assignment of a land contract imposes no obligation on the grantee or assignee to pay the debt. See Barnard v. Huff, 252 Mich. 258, 233 N.W. 213, 77 A.L.R. 259; People's Savings Bank v. Geistert, 253 Mich. 694, 235 N.W. 888. In the latter case it was said, 253 Mich. pages 697, 700, 235 N.W. pages 889, 890:

"The assignment of a land contract is a mere release of interest. The vendor may not compel specific performance by the assignee of the vendee.

\* \* \* \* \* \*

"The assignee of the vendee under land contract at common law was not liable for a deficiency, though there was an agreement in writing between the vendee and his assignee that the latter assumed and agreed to pay the amount due and to grow due upon the contract for the reason there was no privity of contract between the assignee of the vendee and the vendors."

It results from these decisions that bankrupt is not a debtor and that petitioner, Pearl Irene Smith, is not his creditor. She has no obligation against bankrupt which could be enforced by specific performance or otherwise. Her sole right as against him upon default in the terms of the contract is to regain possession of the property. In the case of In re Eisele, 7 Cir., 82 F.2d 309, it was held that where the relationship of mortgagor and mortgagee had been terminated and a conditional sale contract substituted therefor, the debtor-creditor relationship was thereby terminated and that the mortgagor was precluded from obtaining relief under the provisions of the Bankruptcy Act relating to agricultural compositions and extensions. See Ex parte Hydrick, D.C., 13 F.Supp. 146.

The petition of Pearl Irene Smith praying that the real estate be excepted and eliminated from the operation of Section 75 of the Bankruptcy Act as amended should be granted, and an order will be entered accordingly.