## In re GOTFRIED et al.

No. 40247–M.

District Court, S. D. California, Central Division.

July 22, 1942.

G. V. Weikert, of Los Angeles, Cal., and Joseph P. Frushone, of Colton, Cal., for petitioner.

Purnell E. Bingman and Mark Watterson, both of San Bernardino, Cal., for debtors.

YANKWICH, District Judge.

On March 10, 1942, Morris A. Gotfried and Lawrence Cruce, residents of San Bernardino County, California, filed a debtor's petition, as co-partners engaged in farming, under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203. As sole creditor, they listed Western Fruit Growers, Inc., in the sum of $15,522.93, upon an open account for equipment, supplies and machinery listed with the Schedules as Exhibits A, B and C. The property described constituted the entire property claimed to be owned by the partnership. Four leases were listed as of no value. On the 17th day of March, 1942, they were evaluated at $7,912.50, in an order amending the schedules. On March 20, 1942, the Western Fruit Growers, Inc., a corporation, the sole creditor, filed a petition to dismiss the proceeding upon the general ground that the court had no jurisdiction. More particularly, they claimed that neither the partnership nor the individuals composing it were farmers, that there was pending another Section 75 proceeding by Gotfried in his individual capacity before this Court, in Imperial County, that the relation of debtor and creditor did not exist between the partners and the petitioner, and that all the property and assets were owned by it.

This is a review of the Order of the Conciliation Commissioner, made June 14, 1942, denying the petition.

I am of the view that there is no substantial evidence to sustain the finding (Finding No. 5) of the Commissioner that on March 10, 1942, the debtors Morris A. Gotfried and Lawrence Cruce were a co-partnership engaged in farming. Nor do I think is there substantial evidence to sustain the finding (Findings Nos. 7 and 8) that the relation of debtor and creditor

exists between the co-partnership and Western Fruit Growers, Inc., a corporation.

To amplify: The evidence is clear that on the 20th of February, 1942, to-wit, eighteen days before the filing of the debtor's petition under Section 75 of the Bankruptcy Act, Morris A. Gotfried and Lawrence Cruce entered into a purported contract of partnership. No consideration appears to have been paid by Cruce for one-half interest in the equipment and assets described in the debtor's petition, worth over $30,000. Cruce continued almost up to the time of the filing of the petition to be on the payroll of Western Fruit Growers, Inc. He admits receiving a check for the two weeks ending February 28, 1942 (Transcript, p. 81). The Commissioner, erroneously, declined to allow Cruce to be examined as to any consideration paid. The instrument recites no money consideration for the transfer of the one-half interest. Nor did Cruce assume to pay any of the debts admittedly owed by Gotfried on the equipment, although, in his testimony before the Commissioner, he claimed, not without contradiction (see Final Transcript, pp. 6–10), that he expected to be held liable for his share of the debts.

From the date of the partnership to the date of the petition, no farming activities were carried on by the partners as a partnership. The partnership owned none of the four leasehold interests for the growing, packing and marketing of fruits, and owned no equipment. The title to the equipment, a half interest to which was transferred to Cruce by the purported partnership agreement, was then held by the Western Fruit Growers, Inc. The four pieces of property as to which the petition claimed a tenancy "as tenant farmers" were held under lease direct from the individual owners to the Western Fruit Growers, Inc. These leaseholds were never transferred to the partnership. Nor was title to the equipment ever transferred to it by the Western Fruit Growers, Inc. The property was held by it under an agreement with Gotfried which has all the characteristics of a joint venture. The agreement was oral. However, an unsigned written form, which was received in evidence (Exhibit A) at the behest of the debtors as embodying the agreement, clearly shows a joint venture whereby in consideration of advances for operations and the purchase of equipment on the part of one person (the company) another person (Gotfried) agreed to furnish his services as manager, the profits or losses to be divided, equally, after the cost of operation had been deducted. While this has not been called an agreement of "joint venture" by the parties, or in the proceeding before the Commissioner, it is clearly such. A joint venture is a partnership limited to one or several transactions. And while no two cases can be found which are identical, the agreement embodied in this Exhibit, and testified to orally by the debtors and others, was almost identical with Champagne v. Passons, 1928, 95 Cal.App. 15, 272 P. 353; see, also, Nowell v. Oswald, 1929, 96 Cal. App. 536, 274 P. 423.

Whatever possession Gotfried had of the equipment was as the agent of the joint venture existing between him and Western Fruit Growers, Inc., for the purpose of performing his duties under the agreement. An agreement of joint venture may be terminated by mutual agreement or by a proceeding in court, as in the case of a partnership. See Tufts v. Mann, 1931, 116 Cal.App. 170, 178, 2 P.2d 500. It cannot be automatically dissolved by the will of one co-adventurer who, in order to avail himself, while another personal petition of his under Section 75 is pending, of an opportunity to apply again, repudiates the joint adventure, appropriates the property held under the joint venture agreement and paid for by the moneys advanced by his co-adventurer, and conveys an interest in it to a new partner, chosen without the consent of, or even notice to, the other co-adventurer. The good faith by which co-adventurers are bound requires disclosure of everything affecting the relationship. See San Francisco Iron & Metal Co. v. American Milling & Industrial Co., 1931, 115 Cal.App. 238, 251, 1 P.2d 1008; Ford & McNamara, Inc., v. Wilson, 1931, 119 Cal. App. 475, 481, 6 P.2d 996.

Ordinarily, the findings of a Conciliation Commissioner, if based upon substantial evidence, will be sustained. Where, however, the evidence points clearly to different legal conclusions than those drawn by the Commissioner, there is no room for the application of this rule. See Weisstein Bros. & Survol v. Laugharn, 1936, 9 Cir., 84 F.2d 419, 420; and see my opinion in Re Alberti, D.C.Cal.1941, 41 F. Supp. 380, 381.

Section 75 is to be liberally construed. Nevertheless, when it appears

942

clearly that eighteen days after a so-called farming partnership was formed, it needed the aid of the court, and that the object was to give to the partners control over property to which they had no title, at any time, so as to enable them to turn into a debtor and creditor relation what was not such, we are not confronted with liberality of interpretation, but with deviation from the object of the section, which is to help real farmers. No one is entitled to claim the benefit of the section unless he is a farmer. A farming partnership existing for eighteen days, owning no interest in lands, but claiming interest in property and equipment which was owned by another, cannot be called a partnership merely because the two partners at other times, may have engaged in farming. Nor can persons who hold title to property for which they paid, subject to conditions. of transfer of title on repayment, be brought into court and have their property subjected to administration. For they are not creditors in any sense. See In re Cole, D.C. Mich.1939, 29 F.Supp. 382; In re Eisele, 7 Cir., 1936, 82 F.2d 309; and see my opinion In re Chrisman, D.C.Cal.1940, 35 F. Supp. 282.

The Conciliation Commissioner, in his Certificate of Review, has not given us a summary of the facts. He has merely referred to the transcript and the exhibits as the source of his findings. So we have not the benefit of his conclusions on the particular facts, except in the form in which they appear in his findings. This has made it not only advisable but actually imperative to read the entire record. We have done so. And from a study of it and of the exhibits, and a consideration of the legal principles, in the light of which the evidence should be judged, I am of the view that the order dismissing the petition is erroneous and should be reversed, with direction to the Commissioner to dismiss the proceedings, and return the property to the Western Fruit Growers, Inc., with proper accounting by the debtors. By this order, the parties will be placed in statu quo. Gotfried will be free to enforce in the state courts, if he so desires, whatever rights he claims under the joint venture agreement, if a voluntary termination cannot be obtained. See Tufts v. Mann, 1931, 116 Cal. App. 170, 178, 2 P.2d 500. As for the partnership of Gotfried and Cruce, the dismissal of the proceedings will leave it at liberty to engage, henceforth, in farming

operations on moneys of its own, to be secured in the future, and such leases and equipment as it may acquire by joint efforts of its members, as the so-called partnership agreement of February 20, 1942, contemplated.

Order accordingly.